CITY OF CLEVELAND, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as City of Cleveland v. Public Util. Comm., 3 Ohio St. 2d 82.]

(No. 38692—Decided July 7, 1965.)

*Mr. Bronis J. Klementowicz*, director of law, *Mr. William T. McKnight* and *Mr. James L. Harkins, Jr.*, for appellant.

*Mr. William B. Saxbe*, attorney general, *Mr. Jay C. Flowers* and *Mr. Theodore K. High*, for appellee Public Utilities Commission.

*Mr. Lee C. Howley, Mr. Harry G. Fitzgerald, Jr., Messrs. Squire, Sanders & Dempsey, Mr. John Lansdale* and *Mr. Alan P. Buchmann*, for appellee The Cleveland Electric Illuminating Company.

*Per Curiam.* Appellant assigned 55 errors but reduced these assigned errors to four questions to be decided by this court. The four questions are as follows:

1. Has the commission fixed excessive rates which have confiscated the property of appellant and its ratepayers?

2. May the commission utilize published trend factors to aid in valuation of property for the determination of the statutory rate base of the company's property?

3. Is the company's coal escalation clause an unconstitutional delegation by the commission of its power to set rates?

4. Is the commission's order allowing the rate increase retroactive and, therefore, unlawful and unreasonable?

With regard to the first question, the city grounds its case upon its argument that the net return to the company should be based upon "total capitalization" or "net investment."

This argument has been repeatedly rejected by this court because it is in conflict with the rate base formula provided by statute in Ohio, which is reproduction cost new less depreciation.

In *City of Cleveland* v. *Public Utilities Commission* (1956), 164 Ohio St. 442, 444, this court said:

"* * * under the Ohio statutes and the decisions of this court, the percentage return is to be related not to the 'total capitalization' or to the 'net investment' but to the statutory rate base (reconstruction cost new less depreciation) so that *neither the actual capital of or net investment in this public utility* * * * *are really material* * * *." See *General Telephone Co.* v. *Public Utilities Commission* (1963), 174 Ohio St. 575, 577; *East Ohio Gas Co.* v. *Public Utilities Commission* (1938), 133 Ohio St. 212, 218.

There is evidence in the record to support a much higher rate of return than that asked by the company. A finding and order by the commission will not be disturbed unless it appears from the record that such finding and order are manifestly against the weight of the evidence and are so clearly unsupported by the record as to show misapprehension or mistake or willful disregard of duty. *City of Delphos* v. *Public Utilities Commission* (1940), 137 Ohio St. 422, 428; *East Ohio Gas Co.* v. *Public Utilities Commission* (1940), 137 Ohio St. 225.

The second proposition raised by the appellant is that a valuation based upon published trend factors, *i. e.*, Handy Whitman and Marshall-Stevens indices, does not conform to Section 4909.05(D), Revised Code, which requires a showing of "values of the separate items comprising such property, together with the unit basis of such valuation."

This court has previously decided this question in *Lindsey* v. *Public Utilities Commission* (1924), 111 Ohio St. 6; *Ohio Bell Telephone Co.* v. *Public Utilities Commission* (1936), 131 Ohio St. 539, 583 (reversed on other grounds, 301 U. S. 292); *Cin-*

*cinnati Gas & Electric Co.* v. *Public Utilities Commission* (1962), 173 Ohio St. 473; *City of Dayton* v. *Public Utilities Commission* (1962), 174 Ohio St. 160 (reversed on other grounds on rehearing [1963], 174 Ohio St. 604).

In its argument on the third question raised, the appellant objects to the company's coal escalation clause on the grounds that the company's present coal escalation clause has not been effective at any time during its existence, that the company has considered such a clause as a means of rate relief, and that in accepting it the commission is abdicating its rate-making responsibility.

There is no evidence in the record of any past abuses of customers' rights under this clause, which would indicate that the finding of the commission is unreasonable or unlawful on this ground.

For its fourth proposition appellant asserts that the rates set by the commission were applied retroactively, since they were ordered by the commission to become effective on the first billing date subsequent to the filing of such adjusted tariff schedules, and the company by its billings charged customers at the increased rates from the date of the last billings rather than from the date on which the adjusted tariff schedules were filed.

This matter of the date on which the rate increase was first charged to the customer is a matter between the customer and the company which will not be considered by this court in this appeal from an application of the company to the Public Utilities Commission for an increase in its rates and charges.

On the record, this court can not find that the decision of the commission is unlawful or unreasonable.

The order of the Public Utilities Commission is, therefore, affirmed.

*Order affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.