OHIO POWER COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 77-862—Decided June 14, 1978.)

*Messrs. Squire, Sanders & Dempsey, Mr. Alan P. Buchmann, Mr. James H. Woodring, Mr. Clifford O. Arnebeck, Jr., Mr. Edward A. Caine* and *Mr. Ronald E. Prater,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik, Ms. Cheryl K. Hachman* and *Mr. Kevin F. Duffy,* for appellee.

PAUL W. BROWN, J. R. C. 4909.191(E) does not direct that an order issued pursuant to that section is void, voidable or subject to invalidation if tardily issued. Absent clear legislative language indicating that compliance with the statute's mandate of timeliness is a condition precedent to validity, we conclude that that requirement is not so essential that it overrides the basic purpose of the legislation which is to regulate fuel adjustment clauses in the public interest.

We reject appellant's argument that its overall under recovery of fuel costs incurred during the audit period is material to our present inquiry which concerns only the questions of whether the charges made were unlawful or unreasonable and subject to retroactive adjustment or whether charges made pursuant to an approved fuel cost adjustment clause are incontestable.

We consider that these questions must be first answered in the abstract. Fuel adjustment clauses are not and may not be permitted to become a carte-blanche authorization to an electric utility to pass through to its tariff customers expenses other than fuel costs fairly attributable to the production of the service to those customers. Although charges in billings to customers may not be made other than pursuant to a fuel adjustment clause in effect and approved by the commission, that approval must be tentative to the extent that it cannot be known in advance what charges not so attributable may be included by virtue of the utility's interpretation of the clause.

We perceive that the requirement of fairness which compels adjustment in rates to compensate utilities for escalating fuel costs also compels retrospective reconciliation to exclude charges identifiably resulting from unreasonable computations or inclusions.

Although the statutes under which these proceedings were undertaken post-date the audit period, they prescribe a method of review. The unreasonableness of the computations upon which the adjustment contemplated will be ordered preexisted these statutes and rendered the charges unlawful. Although the tentative character of that part of the charges to tariff customers which result from the utility's computation of the impact of fuel cost variations upon the cost of service was made clear by the specific language of R. C. 4909.191, this court in *Cleveland* v. *Pub. Util. Comm.* (1965), 3 Ohio St. 2d 82, and *Akron* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 237, validated such clauses because of the lack of evidence of utility abuse of customers' rights in charges made thereunder. The Public Utilities Commission found on the record in the instant cause that the charges made under the fuel adjustment clause were unreasonable, thus abusing customer rights, and ordered a refund as stated above.

The commission asserts that the basic reason for the refund order is that appellant's fuel adjustment charges to its customers included fuel costs incurred to produce pow-

er sold to other utilities which had already been fully recovered under contracts under the jurisdiction of the Federal Power Commission. The commission came to this conclusion by weighing the applicable language of the pertinent tariff ("This rate is based upon the weighted average cost of fuel consumed by Ohio Power Company and its subsidiaries at their principal generating stations") against the testimony of the auditor who, in reviewing the computation used by Ohio Power in arriving at its fuel adjustment charges to its customers, found that the fuel adjustment clause recovery from all customers subject to the jurisdiction of the commission, was increased by $11,-466,223 during the audit year "* * * by including the fuel cost used to produce power for sales for resale in the fuel cost for computing the FAC [fuel adjustment clause] for sales to jurisdictional customers."

We cannot on this record conclude that it was unreasonable or unlawful for the commission to decide that appellant's computation of charges (under its interpretation of the applicable fuel adjustment charge) unreasonably included the substantial cost of the expensive fuel which had been incurred to provide service to other utilities and which had been paid for by them.

The order of the Public Utilities Commission is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, STEPHENSON, SWEENEY and LOCHER, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.