STEBBINS ET AL., APPELLANTS, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Stebbins v. Pub. Util. Comm. (1980),
62 Ohio St. 2d 431.]

(No. 79-1622—Decided June 25, 1980.)

432

*Messrs. Oberholtzer, Filous & Chase* and *Mr. Dale H. Chase,* for appellant Coalition for Safe Electric Power.

*Ms. Evelyn Stebbins, pro se.*

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Ms. Jane L. Miller,* for appellee Public Utilities Commission.

*Messrs. Squire, Sanders & Dempsey, Mr. Alan D. Wright, Mr. Craig I. Smith, Mr. Alan P. Buchmann* and *Mr. Kevin T. Duffy,* for intervening appellee Cleveland Electric Illuminating Co.

*Messrs. Fuller, Henry, Hodge & Snyder* and *Mr. Paul M. Smart,* for intervening appellee Toledo Edison Co.

*Mr. Thomas A. Kayuha,* for intervening appellee Ohio Edison Co.

*Per Curiam.* The sole issue presented for decision is whether R. C. 4905.48 requires the utilities herein to obtain the consent and approval of the commission prior to entering into the subject agreements. R. C. 4905.48, as pertinent herein, provides that:

"With consent and approval of the public utilities commission:

"(A) Any two or more public utilities furnishing a like service or product and doing business in the same municipal corporation or locality within this state, or any two or more public utilities whose lines intersect or parallel each other within this state, may enter into contracts with each other that will enable them to operate their lines or plants in connection with each other."

R. C. 4905.48 provides further that the commission shall give its approval and "***make such order as it deems proper and the circumstances require***" if it is satisfied that "***the public will thereby be furnished adequate service for a reasonable and just rate, rental, toll, or charge."

Thus, the section, by its terms, has application where:

(A) two or more public utilities,

(B) furnishing a like service or product,

(C) (1) doing business within the same municipal corporation or locality within this state; or,

(2) having lines which intersect or parallel each other,

(D) wish to contract with each other to enable them to *operate* their lines or plants in connection with each other.

Preconditions (A) and (B) are definitely present in the case at bar and the commission so found. However, neither alternative prerequisite (C) (1) or (C) (2) is fulfilled. The commission expressly found that "[t]here is no evidence in the record to indicate that all three respondents are doing business in the same locality within this state, or***have lines which intersect or parallel each other."

A review of the record supports the commission's finding[1] if "intersect" and "parallel" are not held to be synonymous with "interconnect." The lines of the utilities definitely interconnect for purposes of emergency, load sharing, and convenience. The commission is also correct that the utilities are not "doing business" in the same municipality or locality if such term is construed as meaning "competing for business."

We find the commission's interpretations of the statute to be reasonable and lawful.

In addition, the statute pertains only to contracts for the joint *operation* of their facilities. The commission found that the contracts under attack concerned planning, ownership, and construction.

Further support for the commission's position comes from the first paragraph of R. C. 4905.16 which provides that:

"When and as required by the public utilities commission,

---

[1] This court has been reluctant to disturb determinations of fact made by the commission unless it appears that they "are manifestly against the weight of the evidence," *Cleveland* v. *Pub. Util. Comm.* (1965), 3 Ohio St. 2d 82, 84.

every public utility shall file with it a copy of any contract, agreement, or arrangement, in writing, with any other public utility relating in any way to the construction, maintenance, or use of its plant or property, or to any service, rate, or charge."

The commission's power to require filing of contracts under R. C. 4905.16 would be surplusage if approval of the same contract is required under R. C. 4905.48.[2]

The commission's order being neither unreasonable nor unlawful is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2] It should be noted that Congress through the Atomic Energy Act of 1954, as amended (Sections 2011 *et seq.,* Title 42, U.S. Code), and the Energy Reorganization Act of 1974 (Sections 5801 *et seq.,* Title 42, U.S. Code), has preempted state legislation in this area. See *Northern States Power Co.* v. *Minnesota* (C. A. 8, 1971) 447 F. 2d 1143, affirmed 405 U. S. 1035.