OFFICE OF CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Consumers' Counsel *v.* Pub. Util. Comm. (1984), 10 Ohio St. 3d 49.]

(No. 83-616—Decided April 4, 1984.)

*Mr. William A. Spratley,* consumers' counsel, and *Mr. Bruce J. Weston,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Steven H. Feldman,* for appellee.

*Mr. Donald W. Morrison* and *Mr. Charles S. Rawlings,* for intervening appellee.

*Per Curiam.* The issue before this court is whether the commission's treatment of the station connections costs can be modified without reason. For the reasons set forth below, we hold such a modification to be an abuse of discretion and reverse the order of the commission as set forth hereinafter.

It is beyond question that an order of the commission will not be reversed unless it appears from the record that it is manifestly against the weight of the evidence or is so clearly unsupported by the record as to show misapprehension, mistake, or a willful disregard of duty. *Delphos* v. *Pub. Util. Comm.* (1940), 137 Ohio St. 422, 424 [19 O.O. 126]; *Cleveland* v. *Pub. Util. Comm.* (1965), 3 Ohio St. 2d 82, 84 [32 O.O.2d 58]; *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403 [71 O.O.2d 393], paragraph eight of the syllabus, certiorari denied, 423 U.S. 986; *Columbus* v. *Pub. Util. Comm.* (1984), 10 Ohio St. 3d 23.

The record clearly establishes that all expenditures sought to be included for ratemaking purposes were incurred during the test period. Thus, the resolution of this case is not based on the question of commission power in selecting the percentages for the station connections phase-in period — such power is clearly within the discretionary purview of the commission.

We are compelled, however, to take issue with the change in the commission's stance with respect to the twenty-five percent collapse in the previously ordered four-year phase-in period. This change contravenes the percentages originally presented by the commission with respect to the test year. Accordingly, the effect is to manipulate an important component of the test year without articulated justification. Such manipulation, in view of the prior commission order in case No. 81-828-TP-ORD implementing a four-year phase-in period, is inconsistent with the strong presumption that only costs incurred during the test period may be included in awarding a rate increase. *Columbus* v. *Pub. Util. Comm.* (1984), 10 Ohio St. 3d 23. When the commis-

sion has made a lawful order, it is bound by certain institutional constraints to justify that change before such order may be changed or modified. We have previously articulated this concern in *Cleveland Elec. Illuminating Co., supra,* at 431, as follows:

"* * * Although the Commission should be willing to change its position when the need therefor is clear and it is shown that prior decisions are in error, it should also respect its own precedents in its decisions to assure the predictability which is essential in all areas of the law, including administrative law." See, also, *State, ex rel. Auto. Machine Co., v. Brown* (1929), 121 Ohio St. 73, 75; *Indus. Comm. v. Brown* (1915), 92 Ohio St. 309, 311.

In the case *sub judice* the commission has failed to justify its apparent decision to cut short its previously ordered four-year phase-in period. Accordingly we reverse the order of the commission and direct with regard to the test year the inclusion of only that portion of the station connections costs allowed under the prior commission directive.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, FORD, LOCHER, C. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

FORD, J., of the Eleventh Appellate District, sitting for SWEENEY, J.

HOLMES, J., dissenting. For the purposes of a rate increase, R.C. 4909.15(C) mandates that the commission determine the revenues and expenses of a company during a prescribed test period. Appellant argues that this statute was violated due to Ohio Bell's failure to request a test year which included the seventy-five percent expensing of station connections. I disagree.

This court has often recognized the strong presumption that only expenses incurred during the test period may be included in awarding a rate increase. *Consumers' Counsel v. Pub. Util. Comm.* (1981), 67 Ohio St. 2d 372 [21 O.O.3d 234]; *Bd. of Commrs. v. Pub. Util. Comm.* (1982), 1 Ohio St. 3d 125; *Ohio Water Service Co. v. Pub. Util. Comm.* (1983), 3 Ohio St. 3d 1. This presumption stems from the fact that the utility virtually prescribes the dates of the test period by the timing of its application for a rate increase.

Here, the record clearly establishes that all expenditures sought to be included for ratemaking purposes were incurred during the test period. Appellant does not seriously challenge this point.

The mere fact that the commission initially selected the "phase-in" method is of no significance under the facts presented. The commission could have recovered one hundred percent of the expenses incurred with station

connections during the test year had it selected the "flash-cut" method. Therefore, I fail to see any prejudice which resulted from the commission's action.

I would affirm the order of the commission, as it is neither unlawful nor unreasonable.