By the Court.
 

 The foregoing quoted sections of the General Code have been upon the statute books for some time, sufficient to have received the construction of the administrative officers of the state, Section 5521 being enacted in 1911 (102 O. L., 254) and Section 8623-80 enacted in 1927 (112 O. L., 41). The interpretation placed by the Attorney General, the tax commission, and the secretary of state upon Section 5521 since its enactment in 1911 down to the beginning of this year, and upon Section 8623-80 since its enactment in 1927 down to the beginning of this year, has been to the effect that corporations were permitted to dissolve or retire from the state between January 1st and the last day for the filing of their franchise tax reports, to wit, March 31st, without making any report or paying any franchise tax for the year of dissolution or retirement.
 

 It has been held in this state that “administrative
 
 *76
 
 interpretation of a given law, while not conclusive, is, if long continued, to be reckoned with most seriously and is not to be disregarded and set aside unless judicial construction makes it imperative so to do.”
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 311, 110 N. E., 744, 745 (L. R.
 
 A.,
 
 1916B, 1277). See, also, 36 Cyc., 1140, and 25 Ruling Case Law, 1043, and cases cited.
 

 This is a well-recognized principle of statutory construction, and we deem it applicable in the present instance. There is no provision for apportionment of taxes in cases of voluntary dissolution or retirement from the state by a corporation. The tax must be paid for the whole year. In cases of bankruptcy and receivership and like matters, apportionment may be allowed. Section 5521, General Code, having received the construction that it has, and Section 8623-80 being passed by the Legislature many years after the construction given Section 5521 was established, it is to be presumed that the Legislature intended the exemption, or would have plainly provided otherwise. We think that the taxes provided for in Sections 5521 and 8623-80, General Code, are those which have been actually assessed, charged, or imposed, and are not included in a tax for a future period such as this franchise tax. Our conclusion, therefore, is that the corporations which are parties to this action are entitled to dissolve or retire from this state without payment of the franchise tax for the year 1929, such retirement or dissolution taking place between the 1st day of January and the 31st day of March. Entertaining this view, it follows that the demurrer to the petition must be overruled, and, it being understood that the
 
 *77
 
 matter was submitted as a finality, the writ prayed for will be allowed.
 

 Writs allowed.
 

 Marsttalt,, C. J., Kinkade, Jones, Day and Allen, JJ., concur.