Stephenson, J.
 

 The primary question in this case is whether or not the Public Utilities Commission erred in its order of August 31, 1932, when it rejected the petition of plaintiffs in error for a rehearing of the order made July 26, 1932.
 

 Plaintiffs in error claim that they had no notice of the order made July 26, 1932. If they had no notice, they were in time with their application for a rehearing. If they had the notice required by law, then they were out of time, under either Section 543 or 614-43, General Code.
 

 A complete statement of fact is made in this case, as it was necessary so to do in order to determine the question of jurisdiction.
 

 An order finding tentative valuations was made March 19, 1931, and the commission, apparently upon
 
 *447
 
 its own motion, made the order of July 26, 1932. No question is raised as to the time of filing the petition in error in this court, as it was filed in time.
 

 The Public Utilities Commission is an administrative board. A transcript of its docket entries, certified by its superintendent of investigation, is a part of the record in this case.
 

 Section 499-12, General Code, provides that when the Public Utilities Commission has completed the valuation of any public utility it shall give notice by registered letter, and, if such public utility or the major portion thereof is situated in any municipality, to the mayor of such municipality.
 

 The certificate of the superintendent of investigation shows that the cities were served with notice July 26,1932. While this is not conclusive, there is nothing in the record to refute it. Were this not an administrative board, such certificate would in all probability be incompetent as a self-serving declaration; but no objection has been interposed to this record, and the only denial of notice appears in the brief of counsel for the plaintiffs in error.
 

 The law relative to the practice of administrative boards has heretofore been given a liberal interpretation by this court in the case of
 
 State, ex rel. Automobile Machine Co.,
 
 v.
 
 Brown, Secy. of State,
 
 121 Ohio St., 73, which at page 76, 166 N. E., 903, quotes with approval the case of
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 110 N. E., 744, L. R. A., 1916D, 1277. Administrative practice consistent and generally unchallenged will not be overturned except for very cogent reasons, if the scope of the command is reasonably definite and certain.
 

 The order of July 26, 1932, as a matter of fact passed upon the reasonableness of the rates set forth in the schedule filed by the Ohio Cities Telephone Company on April 23, 1929, to become effective May 24. 1929.
 

 
 *448
 
 This proceeding must have been instituted either under Section 543 or Section 614-43, General Code. So much of Section 543 as is applicable to this case reads as follows:
 

 “No cause of action arising out of any order or decision of the commission shall accrue in any court to any corporation or person unless such corporation or person shall have made, before the effective date of said order or decision, application to the commission for a rehearing.” ¡
 

 Section 614-43, General Code, in part, reads:
 

 “Upon the application of any person, public utility or railroad aggrieved thereby, the commission may, upon written petition therefor, filed within thirty days after any order made by the commission shall have been entered upon its records, grant a rehearing of the matter upon which such order was based.”
 

 Section 614-41, General Code, provides (102 Ohio Laws, 560):
 

 “All orders made by the commission shall, of their own force, take effect and become effective operative thirty days after service thereof, unless a different time be provided in the order.”
 

 This court has heretofore held that an application for a rehearing must be filed before the Public Utilities Commission, and action taken thereon, before a petition in error will be entertained here.
 
 City of Tiffin
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 659, 145 N. E., 32. This case was followed in the case of
 
 Travis
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 355, 175 N. E., 586, in which it was held, in paragraph six of the syllabus, that time is of the essence of these statutes, and whether or not an application is filed within the time required by law becomes a jurisdictional fact.
 

 Sections 543 and 614-43, General Code, were discussed by this court in the case of the
 
 Red Eagle Bus
 
 
 *449
 

 Co.
 
 v.
 
 Public Utilities Commission,
 
 124 Ohio St., 625, 180 N. E., 261, as follows:
 

 “There is an apparent contradiction between Section 543 and Section 614-43, General Code, because the latter section authorizes the filing of an application for rehearing .at any time within thirty days after the order is made by the commission. That section further authorizes notice of the rehearing, such notice to state the time and place, and further authorizes additional evidence. The provisions of the latter section confirm the theory that Section 543 can only apply when the order by its terms does not become effective until more than thirty days after the order is made.”
 

 These sections can be reconciled. As has been stated by counsel, where a “forthwith” order is made the party aggrieved could not file an application for rehearing under Section 543, whereas Section 614-43 would be available to him for a period of thirty days from the time the order was entered on the record. The commission might issue an order effective in sixty days. By the terms of Section 543 an application could be made at any time before the expiration of the sixty days. The petition in error would, however, have to be filed within the sixty-day period.
 

 The Public Utilities Commission has some procedural rights that must be protected by.the court. If no time was fixed in this order, and the proceeding was instituted under Section 543, General Code, then the order became effective byvirtue of Section 614-41, General Code, thirty days after service of the order. All the evidence along this line shows that the order was entered on the record of the commission on July 26, 1932; hence the application for rehearing necessarily would have to be filed on or before August 24, 1932. We are of opinion that the application for rehearing of the order of July 26, 1932, came too late when it was filed on August 31,1932, or thirty-six days after the issuance of the order.
 

 
 *450
 
 The Public Utilities Commission committed no error in dismissing the application for rehearing, and its order is affirmed.
 

 Order affirmed.
 

 "Weygandt, C. J., Day, Allen, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.