Stephenson, J.
This is an original action in mandamus wherein the relator, James Kildow, prays this court to order the Industrial Commission of Ohio to perform its legal duty.
What is the legal duty of the Industrial Commission, under the facts in this case and the law applied thereto ?
There is no dispute as to the facts. They are agreed. Hence we have a pure question of law.
Kildow was accidentally injured in the course of his employment, while working for an insured employer. He made claim to the Industrial Commission of Ohio for compensation. The Industrial Commis *575 sicm found, his case to he compensable. In his application Kildow stated that his weekly wage at the time of injury was $22.50, and this fact was certified to by the employer. The Industrial Commission thereupon allowed and paid Kildow $15 per week for temporary total disability from January 2,1931, to September 18, 1932, and for temporary partial disability from September 19, 1932, to October 30, 1932, at the rate of $15 ■ per week. The Industrial Commission paid Kildow, in all, to October 30, 1932, the sum of $1427.14.
On December 29¿ 1932, Kildow’s employer filed a wage statement with the Industrial Commission, covering a period of six months prior to Kildow’s injury, in other words, from July 1, 1930, to December 26, 1930, which wage statement showed Kildow’s earnings for such period to be $301.10, or an average weekly wage for the above period at $11.71.
The wage statement, attached as an exhibit to the agreed stipulation, reads:
‘ ‘ The following is a statement of wages earned each week by the above named employe during the period from July 1, 1930 to December 26, 1930.
“For Week Ending Two weeks Amount of earnings during week No. Days
July 1-15-30 $15.96 5
July 16-31-30 20.50 6
Aug. 1-15-30 3.29 1
Aug. 16-31-30 1.39 %
Sept. 1-15-30 18.61 6
Sept. 16-30-30 44.30 12
Oct. 1-15-30 31.49 9
Oct. 16-31-30 31.02 14
Nov. 1-15-30 36.81 9
Nov. 16-30-30 36.01 10
Dec. 1-15-30 27.26 12
Dec. 16-26-30 34.42 8”
*576 It will be noted that tbe wage statement also shows that from December 16, 1930, to December 26, 1930, the date of the injury, Kildow made $34.42, which would make his full weekly wage for ten days prior to his injury $24.08.
On January 31, 1933, the Industrial Commission made an order that all compensation which had been paid Kildow to October 30, 1932, be adjusted on the wage of $11.71 per week, and that he be paid compensation for temporary total disability from January 2, 1931, to September 18, 1932, at the rate of $7.81 per week, and compensation for temporary partial disability from September 19, 1932, to October 30, 1932, at the rate of $7.81 per week, and further compensation for temporary total disability from December 29, 1932, to February 1, 1933, at the. rate of $7.81 per week, all of which compensation under such adjustment amounted to $778.77, which, deducted from the compensation previously paid over the same period at the rate of $15 per week, created an over-payment in the amount of $648.37; and since this adjustment the Industrial Commission awarded Kildow further compensation for temporary total disability up to and including July 16, 1933, at the rate of $7.81 per week, in the sum of $188.37, which awards were applied on his over-payment, thereby reducing it to $460.93.
On July 11, 1933, Kildow filed an application for modification of award, claiming that his full weekly wage at the time of injury was $24.08, and he asked for readjustment of compensation on that basis, in accordance with the promulgated rules of the Industrial Commission.
On October 9, 1933, this application was considered by the Industrial Commission and an order was made in substance that the order of January 31, 1933, be approved and confirmed, and further allowance be made on the same basis, and that the same be credited to the over-payment theretofore made to Kildow, and *577 an allowance for medical expenses for special medical examination in excess of $200 was' referred to the Medical Division for payment.
It will be ascertained by calculation that when this action was filed Kildow was indebted to the State Insurance Fund, according to the findings and orders of the Industrial Commission, in the sum of $374.02.
Kildow claims that he is entitled to have all compensation that has- been paid him to the date of the filing of his petition herein readjusted on the basis of his full weekly wage at the time of injury, which he claims was $24.08, according to the rules duly adopted and promulgated by the Industrial Commission, and he prays that this court order the Industrial Commission, by writ of mandamus, so to do.
The rules for the determination of average weekly, wage in compensation cases read:
“1. In case of temporary total disability the compensation shall be based on the full weekly wage of the claimant at time of injury.
“2. In cases of temporary partial disability the full weekly wage of claimant at time of injury, shall be taken as the basis for ascertaining claimant’s impaired earning capacity for six (6) months from and after the end of the temporary total disability period.”
There is no question that at the time of Kildow’s injury the Industrial Commission had provided by rule that the full weekly wage of the claimant at the time of injury should be taken as the basis for his compensation. This rule had been in existence since October 9, 1923. Kildow insists that this rule is an existing, subsisting rule, and that he is entitled to its benefits. While the Industrial Commission in its answer denies the existence of this rule, it stipulates that such rule has been in effect since October 9, 1923; but it says it had no power to make such rule; that the rule flies squarely in the face of the statute on the *578 same subject, is derogatory thereto and of no binding force and effect. This contention has sort of an anomalous ring to it.
It is further contended that even though the rule in question is a valid, subsisting rule of the Industrial Commission, it is not a law, imposes no legal duty, and that the extraordinary writ of mandamus cannot be invoked to compel its enforcement. Here we encounter real anomaly.
We find the legislative set-up for the payment of workmen’s compensation in the following sections:
Section 1465-79, General Code. “In case of temporary [total] disability, the employe shall receive sixty-six and two-thirds per cent, of his average weekly wages so long as such disability is total, * *
Section 1465-80, General Code. “In case of injury resulting in partial disability, the employee shall receive sixty-six and two-thirds per cent, of the impairment of his earning capacity during the continuance thereof, * *
Section 1465-84, General Code. “The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits.”
Just why the Industrial Commission enacted and promulgated the rule making the basis of computation “the full weekly wage” instead of following the statute, which provided for “average weekly wage”, we are unable to say unless the commission found the statute to be unworkable. In the humble opinion of this court, that is just what happened.
The language “average weekly wage * * * at the time of the injury” is vague and indefinite, as no basis for determination is fixed. What does the language mean? Must you go back one week, two weeks, six weeks or six months in order to determine ‘ ‘ average weekly wage * * at the time of the injury”?
*579 The Industrial Commission went back six months in the instant case.
We are forced to the conclusion that the language of the rule “full weekly wage * * * at time of injury” is comprehensible and workable, as all that is necessary is to ascertain the full weekly wage of the claimant immediately prior to the injury; but this is not the basis provided by statute.
■ Surely the General Assembly did not intend that the commission should go back six months in order to ascertain the average weekly wage of a claimant. If it did, why was it necessary to use the words “at the time of the injury”?
An “average weekly wage” cannot be arrived at by taking the wages for one week alone into consideration, but it can be ascertained by taking the last two weeks into consideration.
The Industrial Commission claims that it has a wide discretion in determining the “full weekly wage * * * at time of injury” or “the average weekly wage * * * at the time of the injury” and that it can go back six months if it sees fit.
It could not go back that far under its rule. Can it, in the exercise of a sound discretion, travel back six months, under the statute ?
Were it not for the words “at the time of the injury”, contained in the statute, this contention might be tenable. With these words standing out so boldly, we are of the opinion that the Industrial Commission must hover closer to the time of injury.
The term “average weekly wage * * * at the time of the injury” must not be left for determination to whim or caprice. It must be removed from the realm of uncertainty, in so far as such removal can be accomplished under existing law.
The State Insurance Fund is a product of our Constitution, and as a necessary incident the Industrial Commission was created by the same constitutional *580 provision, and the General Assembly was therein authorized to grant to the commission broad powers in order that a proper administration of the State Insurance Fund might be realized. Article II, Section 35, Constitution of Ohio.
The General Assembly of the State of Ohio not only delegated rule-making power to the Industrial Com-' mission, but in effect issued a mandate to the effect that it should make rules and regulations. Section - 1465-55, General Code, provides as follows:
“The industrial commission of Ohio shall adopt rules and regulations with respect to the collection, maintenance and disbursements of the state insurance fund ^ ^ y 9
With this general mandatory grant the General Assembly apparently was dissatisfied, so it entered the field on the question of the basis of compensation and fixed it by statute as “the average weekly wage * * * at the time of the injury.”
Did not the General Assembly by this enactment preempt the field so far as this question is concerned?
We are not unmindful that reasonable rules promulgated by an administrative body under a valid grant from the Legislature have the force and effect of law. Under our ever-expanding program we will even go further and recognize that such rules are a part of the law of the state.
We are likewise in harmony with the principle of law announced in the cases of Industrial Commission v. Brown, 92 Ohio St., 309, 110 N. E., 744, L. R. A., 1916B, 1277, and State, ex rel. Automobile Machine Co., v. Brown, Secy. of State, 121 Ohio St., 73, 166 N. E., 903, viz.:
“Administrative interpretation of a given law, while not conclusive, is, if long continued, to be reckoned with most seriously and is not to be disregarded and set aside unless judicial construction makes it imperative so to do.”
*581 The Industrial Commission carried its rule along for ten years and must have construed it in the light of the existing law; hence we must accord to it the respect that it demands, and we do, but we cannot escape the rule announced in 1933 in the case of Norwegian Nitrogen Products Co. v. United States, 288 U. S., 294, 77 L. Ed., 796, 53 S. Ct., 350:
“Administrative practice does not avail to overcome a statute so plain in its commands as to leave nothing for construction.”
The statute fixing the average weekly wage at the time of injury as the basis of compensation is about as plain as language can make it. The trouble has been that in its administration, the limitation “at the time of the injury” seems to have been ignored.
The statute is superior to the rule, and we are of opinion that the statute can be given a certain, definite, workable construction.
Estoppel or acquiescence is not pleaded in this case, although it was suggested during the presentation of the case in this court. If it were desired to be made an issue in the case, leave could be granted to set it up by way of reply; but we are of opinion that it would avail nothing as a matter of law.
We come now to the construction of Section 1465-84, General Code, enacted in its present form in 1913.
“The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits.”
In this construction we are obliged to resort to the rule of reason. In our opinion the words “at the time of the injury” require the construction that we must stick as close to the time of injury as the practical working of the statute will permit, venturing from it no further than will permit us to determine an “average weekly wage.”
Applying this reasoning to the facts, we learn from the admission in the answer that Eildow was injured *582 on December 26, 1930, while engaged in loading and cutting coal in his employer’s mine. Reference to the wage statement marked “Exhibit A” and made a part of the stipulation develops the fact that Kildow was working at what is commonly known as “piece work”, in other words, he was paid in accordance with his output, regardless of time employed. This is manifest from the fact that he earned $7.16 more during the last eight days that he worked than during the twelve days immediately preceding.
To avoid mathematical niceties, and adopting a calculation we feel to be fair to all parties concerned, we find that from December 1,1930, to December 26, 1930, Kildow earned $61.68; that four working weeks are embraced within this time and that it is the shortest practical time within which an “average weekly wage * * * at the time of the injury” can be ascertained in this case. By dividing $61.68 by four, we find that Kildow’s average weekly wage at the time of injury was $15.42, and a writ of mandamus is awarded, commanding the Industrial Commission to readjust Kildow’s compensation on this basis.
Relator, Kildow, is granted leave to amend his petition so as to pray for readjustment of compensation on the basis of his average weekly wage at the time of injury.

Writ allowed.

Weygandt, C. J., Jones, Bevis, Zimmerman and Wilkin, JJ., concur.
Matthias, J., not participating.