Williams, J.
The sole question involved is whether the relator, Roy Morris, appellee herein, is entitled to *381 a writ of mandamus to compel payment of compensation for the first week of disability when the period of disability began more than a week after the injury.
In the brief of appellant appears the following: “In the instant case, there was no question that the appellee worked the first week after the injury and his disability as a result of the injury did not arise until some time later, and it being the intention of the Legislature to’ deduct one week, the statute certainly could be construed to mean also the first week of disability, especially where disability does not immediately follow the injury.”
The statutory provision involved is found in Section 1465-78, G-eneral Code. “No compensation shall be allowed for the first week after the injury is received, except the disbursement hereinafter authorized for medical, nurse and hospital services and medicines, and for funeral expenses.”
There is no question that a claimant is not entitled to compensation for disability for the first week after the injury.
The contention of appellant is based upon the fact that the long-established practice of the commission has been to deduct the first week of disability from any compensation paid to the injured employee, even where the disability began more than one week after the injury.
It is true that where a statute is doubtful in meaning, administrative interpretation thereof, while not conclusive, is, if long-continued, given serious consideration by the courts and should not be disregarded unless required by sound judicial construction. State, ex rel. Automobile Machine Co., v. Brown, Secy, of State, 121 Ohio St., 73, 166 N. E., 903; Industrial Commission v. Brown, 92 Ohio St., 309, 110 N. E., 744, L. R. A. 1916B, 1277.
This rule, however, has no application where the *382 language of the statute is so plain and unequivocal as to admit of but one interpretation. State, ex rel. Kildow, v. Industrial Commission, 128 Ohio St., 573, 581; Norwegian Nitrogen Products Co. v. United States, 288 U. S., 294, 77 L. Ed., 796, 53 S. Ct., 350.
The Workmen’s Compensation Law (Section 1465-37 et seq., General Code) allows compensation based on average weekly wages for disability resulting from injury sustained in the course of employment, and the only exception germane to this inquiry is that found in Section 1465-78, General Code, which prescribes that compensation (other than medical, nursing, hospital and funeral expenses) shall not be paid for the first week after the injury is sustained. The latter section, being susceptible of but one judicial interpretation, does not forbid payment of compensation for disability for the first week of its duration in cases in which the disability begins a week or more after the injury. The unambiguous language of the statutory provisions granting compensation for disability must prevail over the long-continued practice of the commission. Obviously an administrative body can not gain a prescriptive right to violate plain and definite statutory enactments.
Since the Court of Appeals did not commit prejudicial error in granting a writ of mandamus to compel payment of compensation for the first week of disability, the judgment will not be reversed.

Judgment affirmed.

Weygandt, C. J., Day, Zimmerman, Myers and Gorman, JJ., concur.
Matthias, J., not participating.