Peck, J.
The several motions filed in this court by individual parties to the proceeding below vary in form but in essence seek the dismissal of this appeal on the ground that the purported application for rehearing filed with the Public Utilities Commission of Ohio by the appellant was fatally deficient because it lacked an affidavit as required by Section 4903.1Ó, Revised Code. That section provides that any party to a commission hearing may seek a rehearing by application filed within 30 days of the order complained of and provides further that “every applicant for rehearing or for leave to file an application for rehearing shall give due notice of the filing of such application to all parties who have entered an appearance in the proceeding and shall make affidavit thereof in said application.” There is no occasion to here review dictionary, statutory or other definitions of the word, “affidavit,” since there is no dispute on that point among the parties. The simple fact is that no document bearing any purported jurat, notarial seal or prima facie attestation before a notary public was filed within 30 days of the journalization of the order under attack.
A review of the legislative history of the provisions of Section 4903.10, Revised Code, which became effective October 2, 1953 (125 Ohio Laws, 274), clearly discloses that the require *541 ment of the affidavit as to service was deliberately and carefully inserted. At the same time, the word, “proper,” was inserted in the following sentence of the statute: “No cause of action arising out of any order of the commission, other than in support of said order, shall accrue in any court to any person, firm or corporation unless such person, firm or corporation has made a proper application to the commission for a rehearing.” (Emphasis added.)
In our opinion, the General Assembly effectively evidenced its clear intent to provide more stringent regulation of the rehearing procedure and to make a proper application a prerequisite to further proceedings. It is further our conclusion that the only proper application is one filed within 30 days and supported by an affidavit as to service. In view of this manifest mandate of the Legislature, it is not within our power to provide variable or different qualifying standards for rehearing applications, much less to deliberately sanction a disregard for those specifically named by statute. When the Legislature decreed the submission of an affidavit as to service, it provided a jurisdictional prerequisite without which no attempted filing of an application for rehearing can be effective, and, under Section 4903.10, Revised Code, the Public Utilities Commission is without jurisdiction to consider an application for rehearing not supported by such affidavit.
Without here undertaking a detailed review of the many cases in which it has been the holding of this court that failure to comply with the statutory requirements of appeal is fatal to judicial review of the orders of administrative tribunals, we point out that our present conclusion is entirely in harmony with our earlier pronouncements. Over 40 years ago in Pollitz v. Public Utilities Commission, 98 Ohio St., 445, 121 N. E., 902, an order of the Public Utilities Commission was affirmed “for the reason that the record discloses that no application for a rehearing of the order of the commission was filed within the time required by law, and, therefore, the commission was without authority to entertain the application for a rehearing or to set aside the order theretofore made by them [sic].” Similar conclusions were reached in City of Lakewood v. Public Utili *542 ties Commission, 109 Ohio St., 637, 144 N. E., 611; City of Tiffin v. Public Utilities Commission, 130 Ohio St., 659, 145 N. E., 32; and City of Dover v. Public Utilities Commission, 126 Ohio St., 438, 185 N. E., 833. Attention is also invited to Travis v. Public Utilities Commission, 123 Ohio St., 355, 175 N. E., 586, and Finfrock v. Public Utilities Commission, 154 Ohio St., 21, 93 N. E. (2d), 284. The rationale of those eases and of others of like import leads us to the further conclusion that, where a jurisdictional deficiency exists in a proceeding before an administrative agency which is fatal to the appellant’s right of appeal, such deficiency may be reached by motion to dismiss the appeal to this court.
It being our conclusion that the appeal must be dismissed by an allowance of the motions above referred to, it becomes unnecessary to consider certain other motions filed by the same parties to the proceeding before the commission.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.