Western Reserve Transit Authority, Appellant, v. Public Utilities Commission of Ohio, Appellee.
[Cite as Western Reserve Transit v. Pub. Util. Comm. (1974), 39 Ohio St. 2d 16.]

(No. 74-65—Decided July 3, 1974.)

18

*Messrs. Squire, Sanders & Dempsey, Mr. Alan P. Buch-mann* and *Mr. James H. Woodring,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Keith F. Henly* and *Mrs. Cheryl H. Keith,* for appellee.

*Per Curiam.* Appellant's primary contention is that the commission erred in basing its order of dismissal upon a *sua sponte* evaluation of the record of a prior proceeding, viz., case No. 72-399-B. The commission replies that appellant is improperly seeking to collaterally attack a past, final order, and that appellant's complaint is, therefore, tantamount to an untimely application for rehearing.

It is the judgment of this court that the commission erred in dismissing appellant's complaint, but our rationale differs from that suggested by either party.

R. C. 4905.26, on its face, permits "any person, firm, or corporation" to file a complaint with the commission charging that the operation of a public utility is "in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law * * *." This language is extremely broad, and would permit what might be strictly viewed as a "collateral attack" in many instances.

Upon receipt of a complaint pursuant to R. C. 4905.26, the commission is charged as follows:

"* * * if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof, and shall publish notice thereof in a newspaper of general circulation in each county in which complaint has arisen. Such notice shall be served and publication made not less than fifteen days nor more than thirty days before hearing and shall state the matters complained of. The

commission may adjourn such hearing from time to time.

"The parties to the complaint shall be entitled to be heard, represented by counsel, and to have process to enforce the attendance of witnesses."

The above-quoted procedural requirements in R. C. 4905.26 are clear, but were not observed by the commission in this case. After receiving appellant's complaint, the commission, by journal entry, found that "there *may be* reasonable grounds for the complaint * * *." (Emphasis added.) Such a *tentative* finding by the commission is without legal authority. In addition, the commission found that R. C. 4905.26 requires that it retain jurisdiction of appellant's complaint "for all proper purposes." In our view these purposes are clear, and include the serving of notice and conducting a hearing pursuant to R. C. 4905.26.

We do not mean to derogate the procedure established by the commission pursuant to Sections 1.08 and 1.09 of its Code of Rules and Regulations, although we do have serious misgivings about the commission's proclivity to rely upon matters not of record in making its decisions. See *Bell Telephone Co.* v. *Pub. Util. Comm.* (1937), 301 U. S. 292; *Forest Hills Utility Co.* v. *Pub. Util. Comm.* (1974), 39 Ohio St. 2d 1; *Motor Service Co.* v. *Pub. Util. Comm.* (1974), 39 Ohio St. 2d 5. Because of the basis for our decision here, we intimate no view on the proposition of law urged by appellant.

This case involves matters of substantial importance in the area of public transportation. These matters are best heard, in the first instance, as required by law, by the Public Utilities Commission. The order of the commission, dismissing appellant's complaint, is reversed, and the cause remanded with instructions to proceed to hearing in accordance with law.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.