THE STATE, EX REL. OHIO POWER CO., *v.*
HARNISHFEGER, JUDGE.

(No. 80-172—Decided November 5, 1980.)

10

*Messrs. Day, Ketterer, Raley, Wright & Rybolt* and *Mr. John F. Buchman,* for relator.

*Messrs. Bowers, White & DeMeo* and *Mr. William H. White,* for respondent.

*Per Curiam.* In order to support the issuance of a writ of prohibition herein, relator must show that the court in which the action is sought to be prohibited has no jurisdiction of the matter under adjudication. *State, ex rel. Carmody,* v. *Justice* (1926), 114 Ohio St. 94.

Admittedly, the power of the Public Utilities Commission under the legislative scheme of R. C. Title 49 is comprehensive and plenary. (See, especially, R. C. 4905.26 and 4905.61.) However, this does not mean that exclusive original jurisdiction over all complaints of individuals against public utilities is lodged in the commission.

"* * *[C]ourts of this state are available to supplicants who have claims sounding in contract against a corporation coming under the authority of the Public Utilities Commission. *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23; *Southgate Development Corp.* v. *Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211." *State, ex rel. Dayton Power & Light Co.,* v. *Riley* (1978), 53 Ohio St. 2d 168, 169. As noted in *New Bremen, supra,* at pages 30-31, "[t]he public utilities commission is in no sense a court. It has no power to judicially ascertain and determine legal rights and liabilities, or adjudicate controversies between parties as to contract rights or property rights." This court, also stated in *Milligan* v. *Ohio Bell Tel. Co.* (1978), 56 Ohio St. 2d 191, at page 195, that "claims sounding in contract or tort have been regarded as reviewable in the Court of Common Pleas, although brought against corporations subject to the authority of the commission.* * *" See, also, *Richard A. Berjian, D.O., Inc.,* v. *Ohio Bell Tel. Co.* (1978), 54 Ohio St. 2d 147.

It would be premature for this court to determine now that there is no state of facts that the plaintiffs might prove in the Court of Common Pleas which would exclude their case from the jurisdiction of the Public Utilities Commission and make it properly cognizable by that court.

Moreover, relator has not shown any injury for which there is no adequate legal remedy by the normal appellate process, a usual precondition to issuance of a writ of prohibition. See *State, ex rel. Northern Ohio Telephone Company,* v. *Winter* (1970), 23 Ohio St. 2d 68; *State, ex rel. Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127.

In *State, ex rel. Dayton Power & Light Co., supra,* this court concluded, at page 170, that "[t]he***respondent has alleged a breach of contract***.

"Due to the extraordinary nature of the relief requested, the existence of an adequate legal remedy by the regular appellate process, and the fact that it has not been shown at this point, that the respondent judge has no jurisdiction of the subject-matter of the cause which relator seeks to prohibit, ***the writ is denied."

Accordingly, the writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.