ALLNET COMMUNICATIONS SERVICES, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSSION OF OHIO ET AL., APPELLEES.

[Cite as Allnet Communications Services, Inc. *v.* Pub. Util. Comm. (1987), 32 Ohio St. 3d 115.]

(No. 86-455—Decided August 19, 1987.)

116

Bell & Bentine Co., L.P.A., Langdon D. Bell, John W. Bentine and Judith B. Sanders, for appellant.

Anthony J. Celebrezze, Jr., attorney general, Robert S. Tongren, Frank P. Darr and Ann E. Henkener, for appellee.

Donald W. Morrison and Charles S. Rawlings, for intervening appellee, Ohio Bell Telephone.

Per Curiam. The issue before this court in this case is whether the PUCO's dismissal of Allnet's complaint was reasonable and lawful. Allnet contends that: (1) its complaint was properly brought under R.C. 4905.26, (2) the PUCO unreasonably and unlawfully failed to find that Allnet had stated "reasonable grounds for complaint" and to order a hearing, and (3) the dismissal of its complaint deprived Allnet of its property without due process of law.

R.C. 4905.26 provides as follows:

"*Upon complaint in writing against any public utility by any person, firm, or corporation,* or upon the initiative or complaint of the public utilities commission, *that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law,* or that any regulation, measurement, or practice affecting or relating to any service furnished by said public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, *if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof, and shall publish notice thereof in a newspaper of general circulation in each county in which complaint has arisen.* Such notice shall be served and publication made not less than fifteen days nor more than thirty days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time. * * * *"* (Emphasis added.)

The Ohio Bell filings which Allnet protested in its complaint implemented changes in Ohio Bell's access service charges to "mirror" changes in the FCC interstate access charges. The PUCO and Ohio Bell contend that, since such changes were specifically contemplated and provided for in the mirroring mechanism established by the May 21, 1984 order, Allnet was

precluded from challenging these filings because the thirty-day rehearing period for seeking a rehearing of the May 21, 1984 order had expired long before the date when Allnet's complaint was filed.

R.C. 4905.26 is broad in scope as to what kinds of matters may be raised by complaint before the PUCO. In fact, this court has held that reasonable grounds may exist to raise issues which might strictly be viewed as "collateral attacks" on previous orders. *Western Reserve Transit* v. *Pub. Util. Comm.* (1974), 39 Ohio St. 2d 16, 68 O.O. 2d 9, 313 N.E. 2d 811. Furthermore, the PUCO itself has the authority to initiate complaints under R.C. 4905.26 to investigate the continuing reasonableness of rates which it had previously established as just and reasonable. *Ohio Utilities Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 153, 12 O.O. 3d 167, 389 N.E. 2d 483.

In *Ohio Utilities, supra,* the PUCO commenced an investigation of Ohio Utilities Company's rates after the General Assembly had repealed and revised the statutory rate-making formula. In that case, Ohio Utilities argued unsuccessfully that the PUCO investigation was an improper rehearing of an earlier rate decision. On appeal, this court, citing *Western Reserve Transit,* held that R.C. 4905.26 should be read broadly, and concluded that the complaint process could even be used to test the reasonableness of a rate which the PUCO was initially required to accept.

Notwithstanding the broad scope of the statute, however, *Ohio Utilities* also held that the "reasonable grounds for complaint" requirement of R.C. 4905.26 must still be met before the PUCO is required to order a hearing. That requirement applies whether it is the PUCO, or any other party, which initiates the proceeding under R.C. 4905.26.

The PUCO's and Ohio Bell's reliance on *Dover* v. *Pub. Util. Comm.* (1933), 126 Ohio St. 438, 185 N.E. 833; and *Greer* v. *Pub. Util. Comm.* (1961), 172 Ohio St. 361, 16 O.O. 2d 214, 176 N.E. 2d 416, in opposition to the *Ohio Utilities* rule, is misplaced.

In *Dover,* the PUCO dismissed a rehearing application filed six days beyond the rehearing deadline. This court affirmed, holding that the statutory period for filing a rehearing was a jurisdictional requirement which had to be met. In that case, the pleading at issue was inarguably a request for reconsideration of the specific PUCO action. That is not the situation in this case.

In *Greer,* the PUCO provisionally accepted and docketed a protest to a railroad crossing approval even though the protest was not filed until several months after the decision granting the approval. However, after a hearing was held at which no evidence was produced, the PUCO dismissed the case, finding that it had, indeed, been an untimely application for rehearing. This court affirmed. Again, that is not the situation in this case.

Here, although the PUCO and Ohio Bell argue that Allnet's complaint challenged the mirroring mechanism, a review of the pleadings shows that Allnet's complaint alleges that specific mirror filings made by Ohio Bell are unreasonable and unjust because of the unforeseen magnitude of the increases.

The PUCO's May 21, 1984 order indicated that the PUCO contemplated continuing review of the access-charge mechanism generally, and as to the reasonableness of the rates filed under that mechanism specifically, by stating:

"* * * Intrastate access charges shall mirror the interstate access charges set by the FCC, including the methodology for determining non-

premium access rates with the exception of end user charges. * * *

"This mirroring of interstate access charges shall be constant, *unless otherwise specifically ordered by this Commission,* with intrastate access charge tariffs to be amended to reflect any modifications or adjustments to the interstate access charge tariffs approved by the FCC. A notice of adoption, referencing the interstate access charge tariff to be mirrored or any mirrored modifications of provisions or charges, shall be filed with this Commission within three (3) days of the date of FCC approval. * * * *We would strongly emphasize, however, that our decision with regard to mirroring interstate access charges and related tariffs should not be viewed as in any way indicating that at some future point in time, after review of these tariffs that this Commission will not raise questions as to the reasonableness of any provisions contained in those tariffs as applied to the Ohio intrastate jurisdiction.*" (Emphasis added in part.)

It is clear that the PUCO was aware of the uncertain course it had charted with its access-charge mechanism. The May 21, 1984 order specifically recognized the absence of particular cost data as of the time of that decision. The PUCO expressly stated that it would review the access-charge tariffs for reasonableness on an ongoing basis. Allnet's complaint essentially asked that the PUCO do what the May 21, 1984 order said it intended to do—*i.e.,* review the reasonableness of the access-charge filings submitted by Ohio Bell. We find that Allnet stated "reasonable grounds" for complaint, as required by R.C. 4905.26.

Inasmuch as Allnet complied with the statutory requirement of "reasonable grounds" for complaint, R.C. 4905.26 required that the PUCO set a hearing and publish notice of the matters raised in the complaint. We find that PUCO's dismissal of Allnet's complaint without such notice and a hearing was unreasonable and unlawful.

We hereby reverse the PUCO's order and remand this cause to the PUCO for appropriate consideration of Allnet's complaint as to the reasonableness and justness of the access-charge filings made by Ohio Bell.

*Order reversed
and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.