GALLO DISPLAYS, INC. et al., Appellants,

v.

CLEVELAND PUBLIC POWER et al. Appellees.

[Cite as *Gallo Displays, Inc. v. Cleveland Pub. Power* (1992), 84 Ohio App.3d 688.]

No. 61876.

Court of Appeals of Ohio,
Cuyahoga County.

Decided Nov. 2, 1992.

*Richard H. Siegel Co., L.P.A.,* and *Richard H. Siegel,* for appellants.

*Craig I. Smith; David E. Burke; Hahn Loeser & Parks, Neil K. Evans, M. Terrence Cawley* and *Randy J. Hart,* for appellee Cleveland Public Power et al.

*Lee Fisher,* Attorney General, *James B. Gainer* and *Kaye P. Willi,* Assistant Attorneys General, for Ohio Power Siting Board.

---

JOHN V. CORRIGAN, Judge.

Plaintiffs-appellants, four employers, businesses and property owners (collectively "appellants"), appeal from the trial court's dismissal of their verified complaint for lack of subject-matter jurisdiction pursuant to R.C. 4903.12 and 4906.12.[1]  Appellants filed a complaint for preliminary and permanent injunctive relief against defendants-appellees, Cleveland Public Power ("CPP"), the city of Cleveland ("city"), the Ohio Power Siting Board ("OPSB"), a legal entity part of the Public Utilities Commission of Ohio ("PUCO"), and the Cleveland Electric Illuminating Company ("CEI").  The subject of appellants' complaint was the construction and installation of twenty-mile-long, high amperage, joint circuit, overhead electric power transmission lines and conductors which would pass above their property.

In their complaint, the appellants alleged, *inter alia,* that the OPSB, after conducting a public hearing on the proposed construction and installation and in response to the defendants' request for certification, "failed to consider, protect or preserve the rights and interests of persons who would be directly and adversely affected by such overhead power line installation through and over * * * " the appellants' property.  The appellants also averred lack of notice of the public hearing, but no evidence was brought forth to substantiate this claim.  Essentially, appellants sued under three theories of recovery:  (1) nuisance (endangering and continuing);  (2) trespass;  and (3) diminution of property values for the taking of their property without due process of law or the constitutional protection of eminent domain proceedings.

Significantly, the appellants did not timely appeal the order of the OPSB, which procedure is a jurisdictional prerequisite to a review of certification or other proceedings before the PUCO or OPSB.  Instead, the appellants filed an application for rehearing beyond the thirty-day time limit and filed a complaint in the court of common pleas, arguing that common-law nuisance and trespass

---

1.  Appellants individually are Gallo Displays, Inc., Beverage Distributors, Inc., Hexagraphics, Inc. and G.R.Z. Properties Company.  They own and operate their businesses on a one-half-mile span of property on East 38th Street north of St. Clair Avenue and south of King Avenue in the city of Cleveland and employ collectively approximately one thousand employees.

actions are maintainable against the defendants and that the court of common pleas has jurisdiction to entertain such actions.

The defendants countered with separate motions to dismiss and argued, *inter alia,* that (1) the appellants lacked standing to challenge the OPSB's certification because they did not timely file an application for rehearing; and (2) the trial court lacked subject-matter jurisdiction to hear appellants' nuisance and trespass actions pursuant to R.C. 4903.12 and 4906.12.

The trial court granted the defendants' motions to dismiss the appellants' complaint based upon lack of subject-matter jurisdiction. We agree and affirm the decision of the trial court.

The appellants appeal and assign one error for our review:

"The court below erred in granting defendants'-appellees' motions to dismiss plaintiffs'-appellants' verified complaint for lack of jurisdiction in reliance upon O.R.C. § 4903.12 and O.R.C. § 4906.12."

█ Appellants argue the trial court erred in dismissing their complaint for lack of subject-matter jurisdiction. Specifically, they contend that the approval of the defendants' proposed construction and installation of the transmission lines by the OPSB does not automatically preclude their common-law private nuisance claim in the court of common pleas. We disagree.

█ The PUCO is an administrative board which derives its authority solely from statutes. *New Bremen v. Pub. Util. Comm.* (1921), 103 Ohio St. 23, 132 N.E. 162, paragraph one of the syllabus. Clearly, the PUCO has " 'no power to judicially ascertain and determine legal rights and liabilities, or adjudicate controversies between parties as to contract rights [2] or property rights.' " *State ex rel. Ohio Power Co. v. Harnishfeger* (1980), 64 Ohio St.2d 9, 10, 18 O.O.3d 130, 131, 412 N.E.2d 395, 396, quoting *New Bremen, supra,* 103 Ohio St. at 30–31, 132 N.E. at 164–165. Accordingly, there exist definite, recognized limitations upon the PUCO's jurisdiction regarding pure contract and property claims. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991) 61 Ohio St.3d 147, 154, 573 N.E.2d 655, 660. However, "pure common-law tort claims may be brought against utilities in the common pleas court." *Id.*

In limited instances, certain common-law tort causes of action are maintainable against corporations subject to the PUCO's authority. See *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 195, 10 O.O.3d 352, 354, 383 N.E.2d 575, 578 (actionable invasion of privacy claim in common pleas court); *Kohli v. Pub. Util.*

---

2. See, also, *Marketing Research Serv., Inc. v. Pub. Util. Comm.* (1987), 34 Ohio St.3d 52, 56, 517 N.E.2d 540, 544 (PUCO has no jurisdiction over contract claims); *Coss v. Pub. Util. Comm.* (1920), 101 Ohio St. 528, 130 N.E. 937.

*Comm.* (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (actionable failure to warn landowners of certain dangers regarding voltage in common pleas court). However, no such actionable nuisance claim exists in this case.

Essential to an understanding of this case is that the appellants take issue with an order or certification of the OPSB, a board within the PUCO. R.C. 4906.02. The appropriate channel of redress is statutory in nature.

R.C. 4903.12 reads:

"No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties. A writ of mandamus shall not be issued against the commission or any commissioner by any court other than the supreme court."

This section applies with equal force to orders made by the OPSB. R.C. 4906.12 reads:

"Sections 4903.02 to 4903.16 and 4903.20 to 4903.23 of the Revised Code shall apply to any proceeding or order of the power siting board under Chapter 4906. of the Revised Code, in the same manner as if the board were the public utilities commission under such sections."

If any party takes issue with an order of the PUCO or OPSB, the affected person, firm or corporation has a means with which to challenge said order. R.C. 4903.10 reads in relevant part:

"After any order has been made by the public utilities commission, any party who has entered an appearance in person or by counsel in the proceeding may apply for a rehearing in respect to any matters determined in said proceeding. Such application shall be filed within thirty days after the entry of the order upon the journal of the commission.

"Notwithstanding the preceding paragraph, in any uncontested proceeding or, by leave of the commission first had in any other proceeding, any affected person, firm, or corporation may make an application for a rehearing within thirty days after the entry of any final order upon the journal of the commission. Leave to file an application for rehearing shall not be granted to any person, firm, or corporation who did not enter an appearance in the proceeding unless the commission first finds:

"(A) The applicant's failure to enter an appearance prior to the entry upon the journal of the commission of the order complained of was due to just cause; and,

"(B) The interests of the applicant were not adequately considered in the proceeding."

An application for rehearing shall be denied if it is filed beyond the thirty-day limit as mandated by R.C. 4903.10. An order of the PUCO or OPSB duly entered on the record and served "cannot be attacked by an application for rehearing filed more than thirty days thereafter." *Dover v. Pub. Util. Comm.* (1933), 126 Ohio St. 438, 185 N.E. 833, paragraph three of the syllabus. " [I]f such applications are filed out of time, the Public Utilities Commission has no jurisdiction to entertain same." *Dover,* at paragraph two of the syllabus. Similarly, " '[t]he filing of an application for rehearing * * * is a jurisdictional prerequisite to an error proceeding from the *the order of the Commission to' "* the Ohio Supreme Court. (Emphasis added.) *Communications Workers of Am., AFL–CIO v. Pub. Util. Comm.* (1979), 57 Ohio St.2d 76, 77, 11 O.O.3d 244, 245, 387 N.E.2d 230, 230–231.

It is the order of the OPSB from which the appellants appeal. Hence, their remedy lies within the jurisdictional territory of R.C. 4903.12 and 4903.10. Simply because the appellants untimely filed their application for rehearing and stripped the PUCO and the Ohio Supreme Court from the authority to review the order does not automatically give the court of common pleas jurisdiction to entertain a common-law nuisance action which, in essence, is intended to circumvent the channels of review so designated by the legislature. It is an order of certification from the OPSB to construct and install electric power transmission lines and conductors that the appellants challenge, which challenge, timely filed should be addressed by the OPSB and, if denied, by the Ohio Supreme Court. R.C. 4903.12; *State ex rel. Columbia Gas of Ohio, Inc. v. Kiroff* (1976), 46 Ohio St.2d 397, 398, 75 O.O.2d 461, 462, 348 N.E.2d 705, 706; *Pollitz v. Pub. Util. Comm.* (1918), 98 Ohio St. 445, 121 N.E. 902.

Our holding today in no way automatically precludes aggrieved plaintiffs from ever raising a common-law tort action against certain corporations subject to the authority of the PUCO when in fact such cause of action has indeed accrued and caused injury for which such redress in the court of common pleas is appropriate. This is not the case in the action before us.

Accordingly, the appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, C.J., and JOHN F. CORRIGAN, J., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.