{¶ 27} I respectfully dissent from the majority's opinion and would find that PUCO did not have exclusive jurisdiction over this claim. In deciding whether an action is service-related and belongs under PUCO's exclusive jurisdiction, some courts approach the issue by posing two questions: Is PUCO's administrative expertise required to resolve the issue in dispute? Does the act complained of constitute a "practice" normally authorized by the utility? If the answer to either question is in the negative, courts routinely find that those claims fall outside PUCO's exclusive jurisdiction. Pacific Indemn. Ins. Co. v. TheIlluminating Co., et al., Cuyahoga App. No. 82074, 2003-Ohio-3954.
 {¶ 28} In some circumstances, however, courts "retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." Id. In State ex rel. Cleveland Elec. Illuminating Co., 97 Ohio St.3d 69,75, 2002-Ohio-5312, respondent asserted that its contract with the relator/utility was void because of indefiniteness and lack of consideration. The Ohio Supreme Court determined that respondent's contract claims against relator/utility did not fall within the exclusive jurisdiction of PUCO.
 {¶ 29} Further, in the instant case, there is nothing in the record to evidence that PUCO's administrative expertise was required to resolve Allstate's claim. There is also no indication that CEI's failure to promptly act constitutes an act "normally authorized" by the utility. See Pacific Indemn. Ins. Co., supra.
 {¶ 30} Finally, PUCO does not have exclusive jurisdiction over every claim brought against a public utility. As the majority recognizes, contract and pure common-law tort claims against a public utilitymay be brought in a common pleas court. State ex rel. Ohio Power Co. v.Harnishfeger (1980), 64 Ohio St.2d 9; Milligan v. Ohio Bell Tel.Co. (1978), 56 Ohio St.2d 191; Steffen v. Gen. Tel. Co. (1978),60 Ohio App.2d 144.
 {¶ 31} In Pacific Indemn. Ins. Co. v. Illuminating Co., supra, this court cited to State ex rel. Ohio Edison Co. v. Parrott (1995),73 Ohio St.3d 705, 708, in outlining several tort and contract cases in which various courts determined PUCO did not have exclusive jurisdiction. The Supreme Court found that:
 "Other courts retain limited subject matter jurisdiction over tort and some contract claims involving utilities regulated by the commission. See, e.g., Kazmaier Supermarket, Inc. v. Toledo Edison Co., supra, 61 Ohio St.3d at 154,(pure common-law tort claims may be brought in common pleas court); Kohli v. Pub. Utilities. Comm. (1985), 18 Ohio St.3d 12 (failure to warn landowners of dangers regarding voltage actionable in common pleas court); Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, paragraph three of the syllabus (invasion of privacy actionable in common pleas court); Marketing Research Serv., Inc. v. Pub. Utilities Comm. (1987), 34 Ohio St.3d 52, (commission has no jurisdiction to resolve breach of contract dispute concerning provision of interstate telecommunications service). But, see, Gallo Displays, Inc. v. Cleveland Pub. Power
(1992), 84 Ohio App.3d 688 (common-law nuisance claim against utility not actionable in common pleas court)."
 {¶ 32} As the court in Gayheart v. Dayton Power Light Co (1994),98 Ohio App.3d 220, 229 found, "[i]n essence, every negligence claim brought against a public utility will be one involving some aspect of `service.'" Therefore, the mere fact that a case involves some aspect of service, does not automatically place it within PUCO's exclusive jurisdiction.
 {¶ 33} I would find that the circumstances in the instant case were not ones that would reasonably have been contemplated by the legislature in enacting R.C. 4905.26 as being within PUCO's exclusive jurisdiction. Moreover, there is no evidence to suggest that CEI's failure to respond to Ms. Harris' call was a "practice related to service" as contemplated by the statute. Instead, it can be interpreted as an isolated act of negligence. For these reasons, this is a case that is appropriate for resolution by a jury, and jurisdiction was properly before Common Pleas Court.
 {¶ 34} I would therefore find that jurisdiction was properly before the Common Pleas Court and overrule CEI's first assignment of error.