IN RE COMPLAINT OF WILKES *v.* OHIO EDISON COMPANY; WILKES ET AL.,

APPELLANTS; PUBLIC UTILITIES COMMISSION ET AL., APPELLEES.

[Cite as *In re Complaint of Wilkes v. Ohio Edison Co.,*

131 Ohio St.3d 252, 2012-Ohio-609.]

*Public utilities—Easements—Dispute between utility and owners of property subject to easement over owners' alleged interference with utility's easement properly filed in common pleas court—Owners' complaint before Public Utilities Commission seeking order forcing utility to remove transmission line properly dismissed—Commission may not adjudicate controversies involving property rights.*

(No. 2011-0737—Submitted November 16, 2011—Decided February 22, 2012.)

APPEAL from the Public Utilities Commission of Ohio, No. 09-682-EL-CSS.

_____

**MCGEE BROWN, J.**

{¶ 1} Thomas and Derrell Wilkes appeal the Public Utilities Commission's order dismissing their complaint against Ohio Edison Company for lack of jurisdiction. We affirm.

**I. Factual and Procedural Background**

{¶ 2} In 1949, Ohio Edison purchased an easement in Boardman, Ohio, for the purpose of building and maintaining an electric transmission line. Today, a 69,000-volt electric transmission line runs over the property. In 1977, Thomas and Derrell Wilkes purchased a portion of the property subject to the easement, and in 1993, they built an above-ground swimming pool and a storage shed in the area of the easement.

{¶ 3} Ohio Edison discovered the structures 15 years later. It informed the couple that the pool and shed presented safety issues and asked them to

"relocate or remove" the structures. The Wilkeses retained an attorney, who informed Ohio Edison that he would "have each and every employee of Ohio Edison who trespass or attempt to trespass on Mr. and Mrs. Wilkes' property arrested and charged with all felony criminal statutes presently enacted in the State of Ohio." Ohio Edison responded by filing a complaint in the court of common pleas to enforce the easement, asking the court to order the Wilkeses to remove their structures.

{¶ 4} The Wilkeses filed their own complaint a few months later, not with a court, but with the commission. They asked the commission to order the company to move its transmission line.

{¶ 5} Ohio Edison filed a motion to dismiss the Wilkeses' complaint, asserting lack of jurisdiction. The commission granted the motion. It found that the technical issue—that the proximity of the pool and shed to the transmission lines violates the National Electrical Safety Code—was undisputed. What *was* disputed was "the remedy that should be applied to bring about compliance with the [code]," that is, which structure must give way, the pool and shed or the transmission line. But that dispute involved a legal question of "competing property rights" and thus belonged before the courts.

{¶ 6} The Wilkeses have appealed; Ohio Edison has intervened as an appellee.

## II. Discussion

{¶ 7} The Wilkeses present three propositions of law on appeal.

{¶ 8} In the first, they argue that the commission has exclusive jurisdiction over a claim for "service-related issues" that "calls for the interpretation and enforcement of the National Electrical Safety Code." However, the Wilkeses have not stated such a claim.

{¶ 9} As a general matter, the commission "does not possess judicial power and may not adjudicate controversies between parties as to property

rights." *Dayton Communications Corp. v. Pub. Util. Comm.*, 64 Ohio St.2d 302, 303–304, 414 N.E.2d 1051 (1980); *New Bremen v. Pub. Util. Comm.*, 103 Ohio St. 23, 30-31, 132 N.E. 162 (1921). But it does possess exclusive jurisdiction over certain types of claims, set forth in R.C. 4905.26. *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, ¶ 8–9. A claim is within the exclusive jurisdiction of the commission if (1) the commission's administrative expertise is required to resolve the issue in dispute *and* (2) the act complained of is a practice normally authorized by the utility. *Id.* at ¶ 11–12.

{¶ 10} The Wilkeses have not shown that the commission's expertise is required to resolve the disputed issue. Their only jurisdictional theory is that this case requires the commission to interpret the National Electrical Safety Code. Yet the Wilkeses offer no explanation of how the code applies to this case— indeed, they do not cite even a single page or section of it. This lack of explanation and citation of authority suffices as a basis for rejecting their argument. *See, e.g., In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 14 (failure to "cite a single legal authority" or "present an argument that a legal authority applies on these facts and was violated * * * is grounds to reject [a] claim"); *Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 39 ("unsupported legal conclusions" do not establish error).

{¶ 11} We decline to accept the first proposition of law.

{¶ 12} In their second proposition of law, the Wilkeses argue that the commission had "independent" jurisdiction over their claims because the claims were based upon the statutes governing the commission and the commission's own rules. It is true that in a given case, the commission and the courts may each have jurisdiction that is independent of the other. When a case has both regulatory and legal issues, the commission would have jurisdiction over the former by virtue of its exclusive jurisdiction, while a court may adjudicate the

latter by virtue of its general jurisdiction. *Corrigan,* 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009. *See also State ex rel. The Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 18-21, 32. But the Wilkeses have not demonstrated that an "independent" regulatory claim exists for the commission to resolve. They assert that their claims are independent from those raised in the common pleas court because their claims are based upon two large collections of laws: "the PUCO statutes (O.R.C. 4905.01 *et seq.*) and Ohio Administrative Code (Ohio Admin. Code 4901, *et seq.*)." This is not a meaningful assertion of a regulatory claim—to cite everything is to cite nothing.

{¶ 13} As for their argument that "collateral attacks are permissible in the PUCO," it is based on a misreading of precedent. (Emphasis deleted.) The case they depend on, *W. Res. Transit Auth. v. Pub. Util. Comm.*, 39 Ohio St.2d 16, 313 N.E.2d 811 (1974), held merely that the commission could revisit its *own* orders, not the orders of a court. *Id.* at 18; *see Martin Marietta Magnesia Specialties, L.L.C. v. Pub. Util. Comm.*, 129 Ohio St.3d 485, 2011-Ohio-4189, 954 N.E.2d 104, ¶ 41. *W. Res.* did not address, much less alter, the jurisdictional balance between the commission and the courts, and the case is irrelevant here.

{¶ 14} We decline to accept the second proposition of law.

{¶ 15} The Wilkeses' last proposition—that the commission erred by dismissing their "claim for unfair and discriminatory treatment"—is forfeited. The Wilkeses did not raise this argument in their application for rehearing before the commission, and we are jurisdictionally barred from considering such claims. R.C. 4903.10.

### III. Conclusion

{¶ 16} For these reasons, the Wilkeses have not demonstrated that the commission erred in dismissing their complaint for lack of jurisdiction. We affirm.

Order affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Brett M. Mancino, for appellants.

Michael DeWine, Attorney General, and William L. Wright and Thomas G. Lindgren, Assistant Attorneys General, for appellee.

Jones Day, David A. Kutik, and Douglas R. Cole, for intervening appellee Ohio Edison Company.

_____