Marshall, C. J.
 

 These proceedings in error are brought to review a proceeding known before the Public Utilities Commission as cause No. 6377, in which it was sought to obtain consent and authority of the commission to abandon all freight and passenger service of the electric railway lines of the Scioto Valley Bailway & Power Company. The application was heard by the commission, and on September 13,1930, the company was authorized to discontinue and abandon its service, the order to become effective October 1, 1930.
 

 Within the time limited, applications for rehearing were filed by E. J. Travis and the Ohio National Bank, which applications were overruled, and thereupon, within the time limited, error proceedings were filed in this court to revérse the order of the commission, on the ground that the order was unreasonable and unlawful.
 

 When the error proceedings were begun in this court, the parties complaining of the action of the commission, and who were plaintiffs in error in this court, did not apply for or obtain an order of the commission staying or postponing the execution of said order, as contemplated by Section 543, General
 
 *358
 
 Code, neither did said parties apply for or obtain an order in the Supreme Court allowing such stay, or execute any undertaking conditioned for the payment of damages arising from or caused by the delay in execution of the order complained of, as provided by Section 548, General Code.
 

 In the meantime, and immediately upon said order of abandonment becoming effective, the Scioto Valley Railway
 
 8s
 
 Power Company proceeded to close its property for traffic, disbanded the organization for the operation of said railway, and discharged the personnel which had theretofore been engaged in the operation of said railway, received bids for the purchase and sale of its property, and disposed of a large portion of the equipment and facilities theretofore used in the operation of the service.
 

 There is an issue of fact as to the extent of the sale of equipment and the dismantling of property and equipment, but it is admitted that less than ten miles of the entire trackage between Columbus and Chillicothe remains in operation, and that that portion is operated only for the hauling of freight; and it is further admitted that practically all of the rolling stock has been sold and disposed of, and that the rails have also been sold and a small portion of the same removed from the roadbed. The testimony of the president of the railway and power company, and of the chief inspector of the railroad department of the Public Utilities Commission, is to the effect that the property and equipment have been so far dismantled and disposed of that it is no longer possible to operate without extensive purchases of new equipment and extensive re-establishment of abandoned and dismantled portions of the property.
 

 
 *359
 
 The proceedings in error in causes Nos. 22598 and 22599 are properly filed in this court, and present issues of law for the determination of this court, but the time and energy of this court should not be expended in doing a vain thing, and, if it should appear that an order of reversal of the Public Utilities Commission would not result in a re-establishment of the utility, this proceeding in error should not further proceed. It is only the duty of this court to decide actual controversies where the judgment can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter at issue in the case before it. The real issue is whether or not the passenger and freight service of the railway company shall be abandoned or continued. It fairly appears by this record, and the evidence submitted, that the property has already been so far dismantled that it is wholly impractical to have the same re-established and the service resumed.
 

 Motions having been made by the Huntington National Bank, as trustee, and by the Public Utilities Commission, and by the Scioto Valley Railway
 
 &
 
 Power Company to dismiss- the petition in error, such motions must be sustained upon the authority of
 
 Pollitz
 
 v.
 
 Public Utilities Commission,
 
 93 Ohio St., 483, 113 N. E., 1071, and
 
 Miner
 
 v.
 
 Witt,
 
 82 Ohio St., 237, 92 N. E., 21.
 

 In cause No. 22629, Alexander W. Krumm, as trustee under the will of Albert H. Seibert, deceased, files in this court, under claim of right, as presenting a debatable constitutional question, his- petition in error, separately docketed, separately numbered,
 
 *360
 
 to review the same order complained of in causes Nos. 22598 and 22599.
 

 Krumm, as trustee, is the owner and holder of bonds secured by a mortgage upon the property of the Scioto Valley Railway & Power Company, the mortgage having been executed to the Huntington National Bank of Columbus, Ohio, as trustee. The Huntington National Bank, as trustee, was a party to the proceedings before the Public Utilities Commission, but the individual bondholders secured by the mortgage were not parties and did not appear before the Public Utilities Commission. Section 614-43, General Code, provides that an application for rehearing may be filed within thirty days after any order made by the commission shall have been entered upon its records. Section 543, General Code, provides that “no cause of action arising out of any order or decision of the commission shall accrue in any court to any corporation or person unless such corporation or person shall have made, before the effective date of said order or decision, application to the commission for a rehearing.” Krumm, as trustee, did not at any time seek to be made a party to the proceedings before the commission, and did not at any time file an application for a rehearing.
 

 Section 547, General Code, provides: “No proceeding to reverse, vacate or modify a final order of the commission shall be deemed commenced unless the petition therefor is filed within sixty days after the entry of the final order complained of upon the journal of the commission. ’ ’ Krumm, as trustee, did not begin any proceeding within said period of sixty days. Section 543 is expressly made applicable to stockholders, bondholders, and other parties pe
 
 *361
 
 cuniarily interested in the public utility affected. Krumm, therefore, might have filed an application for rehearing. It has been decided by this court in
 
 City of Tiffin
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 659, 145 N. E., 32, that a petition in error must be dismissed if no application for rehearing was filed before the Public Utilities Commission. Section 543 provides: “No corporation or person shall in any court urge .or rely on any ground not so set forth in said application.” Section 547, providing a limitation of time for filing error proceedings from the Public Utilities Commission to this court, is jurisdictional.
 

 It is claimed by counsel for Krumm that the record presents a question arising under the Constitution, and that therefore he may file his petition in error as of right. This question need not be decided, because, if a constitutional question be conceded, the proceeding must be filed within the time limited for prosecuting error from the commission.
 

 All three proceedings in error must be dismissed.
 

 Petitions in error dismissed.
 

 Matthias, Day, Allen and Kinkade, JJ., concur. Jones, J., not participating.