OPINION
Appellant Ronald E. Moton, Sr. appeals the decision of the Court of Common Pleas, Richland County, which denied his claims for damages following an attempted repossession of his automobile. The relevant facts leading to this appeal are as follows.
In May 1996, appellant entered into a finance agreement with Appellee Ford Motor Credit Company ("FMCC") for the purchase of a 1996 Lincoln Town Car. Commencing in late 1998, appellant began defaulting on his required monthly payments. FMCC thereupon took steps to repossess the Lincoln by reason of breach of the finance agreement. FMCC utilized the services of Appellee Skipco Financial Adjusters, Inc. ("Skipco") therefore. On May 10, 2000, Vernon Christian, on behalf of Skipco, proceeded to appellant's residence to physically repossess the the vehicle. Christian testified that appellant charged out of the house and an altercation developed after he announced his reason for being there. Christian retreated to his tow truck and called 911. He further testified that appellant rammed the Lincoln into the truck, which appellant denied. After the police arrived and spoke to the parties, Christian left the premises without the Lincoln.
On May 22, 2000, appellant filed a complaint, captioned "Illegal trespassing and seeking compensation and damages," in the Richland County Court of Common Pleas. The named defendants were FMCC and its asserted general manager, John Ferguson,[1] Skipco, and Vernon Christian. Appellant sought compensatory damages of $25,000, "special personal" damages of $8,000, and punitive damages of $175,000. Appellant further alleged violations of his rights under R.C. 1317.12, the Ohio Retail Installment Act ("RISA"), and R.C. 2911.21, Ohio's criminal trespass statute.
On January 3, 2001, following a two-day replevin hearing, a magistrate recommended that the Lincoln be turned over to FMCC. Appellant filed an objection thereto, which the trial court overruled on January 22, 2001. At the same time, the trial court granted summary judgment in favor of Ferguson, finding that because Ferguson did not order to repossession of the Lincoln or control the manner in which the attempted repossession was made, he did not breach any duty owed to appellant.
On January 22 and March 2, 2001, the trial court granted summary judgment in favor of FMCC based on appellant's failure to make payments required under the financing contract. The court additionally found that Skipco was an independent contractor, and therefore FMCC could not be liable for the alleged tortious acts of Skipco.
Skipco and Christian likewise filed a joint motion for summary judgment. The court dismissed appellant's criminal trespass claim and found the RISA statute inapplicable to the facts presented. The court also entered summary judgment in favor of Skipco and Christian on appellant's personal injury claims, based on a lack of evidence connecting said defendants with any aggravation of appellant's alleged condition. Appellant's claim for punitive damages was also denied. However, the trial court ruled that summary judgment would not be granted on appellant's civil trespass claim for property damage.
Appellant's claims of civil trespass against Skipco and Christian proceeded to a jury trial on March 27 and 28, 2001. The jury found in favor of appellant on the trespass claim against Skipco, but chose to award no damages.
Appellant filed a notice of appeal on April 3, 2001[2]. Appellant's brief essentially blends his lengthy Assignments of Error with his arguments, contrary to App.R. 16(A)(7). However, in the interest of justice, we glean the following assignments from appellant's brief (seeHelfrich v. City of Pataskala Planning Zoning (Feb. 22, 2001), Licking App. No. 00CA82, unreported):
 I. THE TRIAL JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM THE PROCEEDINGS.
 II. APPELLANT WAS INCORRECTLY LISTED AS THE MOVANT IN THE REPLEVIN PLEADINGS.
 III. THE TRIAL COURT ERRED IN ORDERING REPLEVIN CONCERNING THE LINCOLN.
 IV. THE TRIAL COURT ERRED IN FINDING THAT SKIPCO FUNCTIONED AS AN INDEPENDENT CONTRACTOR.
 V. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM FOR PUNITIVE DAMAGES.
 VI. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF JOHN FERGUSON, AND IN DECLINING TO GRANT A DEFAULT JUDGMENT AGAINST HIM.
VIII. THE TRIAL COURT ERRED IN QUASHING A SUBPOENA.
 IX. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON DAMAGES.
 X. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE ISSUES OF MENTAL ANGUISH, STRESS, AND MIGRAINE HEADACHES.
 I
Appellant first challenges the propriety of the assigned trial judge hearing the case. In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v.Billingham (1995), 105 Ohio App.3d 8, 11. Common pleas litigants in this type of situation must bring any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03. See In reBaby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99CA22, unreported, citing In re Miller (July 16, 1999), Montgomery App. No. 17592, unreported, at 2. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of a claim of bias or prejudice of the judge. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-42.
Appellant's First Assignment of Error is therefore overruled.
 II
Appellant's Second Assignment of Error pertains to improperly captioned court filings which inadvertently list him as the movant in the replevin portion of this dispute.
Appellant herein fails to demonstrate that the assigned clerical mistake would amount a prejudicial error warranting reversal on appeal. See App.R. 12; Southworth v. Southworth (Dec. 24, 1998), Cuyahoga App. No. 73525, unreported.
Appellant's Second Assignment of Error is therefore overruled.
 III
In his Third Assignment of Error, appellant argues that replevin was not warranted based on a purported oral agreement between himself and FMCC to defer payments on the Lincoln.
The record reveals that appellant failed to provide the trial court with a transcript of the hearing before the magistrate. This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See State v. Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported; Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported; Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported. In this instance, the magistrate specifically found that the relevant parties made no oral modification to the finance contract. Therefore, appellant's attempt to challenge to replevin order on this basis must fail.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant challenges the court's finding on summary judgment that Skipco was an independent contractor in its relationship with FMCC.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
"The fundamental rule generally recognized is that the doctrine of respondent superior is applicable to the relation of master and servant or of principal and agent, but not to that of employer and independent contractor." Councell v. Douglas (1955), 163 Ohio St. 292, 295 (Citation omitted).
 The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, or the right to control, the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relation is that of employer and independent contractor.
Id.
Both FMCC and Skipco presented evidence that FMCC engaged Skipco as an independent contractor and did not maintain control over the manner in which repossession was attempted. Appellant did not rebut this evidence with specific facts demonstrating there would be a genuine issue of material fact on this question. Therefore, appellant's contention that Skipco was improperly found to be an independent contractor is without merit.
Appellant's Fourth Assignment of Error is therefore overruled.
 V
In his Fifth Assignment of Error, appellant argues that the court committed reversible error in dismissing his claim for punitive damages. We disagree.
Punitive damages may be awarded if a defendant's conduct demonstrates "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Malone v. Courtyardby Marriott L.P. (1996), 74 Ohio St.3d 440, 445-446; Shaw v. Thomas
(Nov. 2, 2000), Franklin App. No. 99AP-1291, unreported. However, an award of punitive damages requires the finding of some compensatory damages. Malone, supra; Shimola v. Nationwide Ins. Co. (1986),25 Ohio St.3d 84; Leffel v. Patterson (Feb. 26, 2001), Stark App. No. 2000CA00229, unreported. Assuming, arguendo, that the court erred in prematurely dismissing the punitive claim herein, such error would be harmless. In a civil case, a harmless error is one which does not affect the substantial rights of the parties. Lewis v. Roselle (1990),63 Ohio App.3d 254, 255; Leon v. Caroselli (May 21, 1997), Hamilton App. No. C-960 364, unreported. The jury in the case sub judice awarded no compensatory damages, and thereby would have had no basis to award punitive damages as a matter of law; therefore, the asserted error could not have affected appellant's substantial rights. Furthermore, an appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky (1990),66 Ohio App.3d 395, 397; see, also, Travis v. Pub. Util. Comm. of Ohio
(1931), 123 Ohio St. 355, paragraph two of the syllabus.
Appellant's Fifth Assignment of Error is therefore overruled.
 VI
In his Sixth Assignment of Error, appellant argues that the trial court erred in both granting summary judgment in favor of John Ferguson of FMCC, and in declining to grant a default judgment against Ferguson. We disagree.
In Furniture Sales Specialists, Inc. v. Thomas (Dec. 21, 1994), Knox App. Nos. 94CA08, 94CA09, unreported, the operator of a water bed business filed suit against Superior Marketing Company and its president, John Gaar, following repossession of furniture inventory owned by Superior. In regard to the operator's argument that it was error to dismiss Gaar on a directed verdict, we stated as follows:
 Appellant argues that Gaar was liable as an agent of the corporation for directing the attorney to file the repossession action.
 We note that appellant's theory is in reverse of the normal principal-agency theory. Normally, a party seeks to hold the principal responsible for the acts of the agent; Thomas seeks to hold the agent responsible for the acts of the principal.
 There is no evidence that Gaar acted other than on behalf of the corporation. Appellant's claims were not claims based on the personal conduct of Gaar, as all business dealings complained of were performed on behalf of the corporation.
Id. at 3.
Appellant in the case sub judice attempts to advocate a similar argument. However, the record reveals no evidence that Ferguson played any personal role in the repossession event leading to the present dispute and he presented affirmative evidence that he was not. Therefore, appellant's contention that summary judgment was improper as to Ferguson is without merit.
Appellant secondly argues that the trial erred in failing to grant a default judgment against Ferguson. We disagree.
FMCC and Ferguson jointly provide several legal bases in support of the denial of default judgment in this matter. Most compelling among these is their reliance on the Ohio Supreme Court's holding that "[t]he substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one." Wrinkle v. Trabert (1963), 174 Ohio St. 233, 238, quoting Grimm v. Modest (1939), 135 Ohio St. 275, paragraph one of the syllabus. Ignoring the issue of whether Ferguson was even properly served in his individual capacity with the original complaint, we are aware of no reason to deviate from the holding of Wrinkle under these facts, as Ferguson individually answered prior to the expiration of the fourteen-day "amended pleadings" period of Civ.R. 15(A).
The trial court did not err in granting summary judgment in favor of Ferguson and in declining to grant a default judgment.
Appellant's Sixth Assignment of Error is overruled.
 VIII
In his Eighth Assignment of Error[3], appellant maintains that the court erred in quashing a subpoena. Although appellant accuses the trial court and one of the attorneys involved in this matter of ex parte
communication regarding this issue, appellant provides no substantiation therefore, nor does he as much as identify from the record the date or nature of the subpoena in question. See App.R. 16(A)(7). This Court is cognizant that Appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported, at 3-4.
Appellant's Eighth Assignment of Error is overruled.
 IX
In his Ninth Assignment of Error, appellant argues that the trial court erred in instructing the jury on damages. We disagree.
Our standard of review on a claim of improper instructions is to consider the jury charge as a whole, and determine whether the charge given misled the jury in a manner materially affecting the party's substantial rights. Kokitka v. Ford Motor Company (1995), 73 Ohio St.3d 89.
The crux of appellant's argument is as follows: "* * * [T]he appellant sued for compensatory damages, special damages, and punitive damages, not nominal damages. The trial court judge prejudiced the jury's mind with the wrong instructions that appellant was entitled to nominal damages, instead of the damages under section 1309.46." Appellant's Brief at 11. The cited statute, R.C. 1309.46, provides for a secured party to take possession after default as follows:
 Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides, the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under section 1309.47 of the Revised Code.
We initially note the above text itself is silent as to available damages to a debtor for breach of the peace. Nonetheless, appellant's argument is misplaced for the reason that the court deleted the intended instruction on nominal damages at appellant's own request. Tr. at 306. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. SeeState v. Kollar (1915), 93 Ohio St. 89, 91. Additionally, as we discussed in regard to appellant's Fifth Assignment of Error, the issue of a punitive damages instruction is merely academic based on the jury's decision to award no damages for trespass. Upon review of the remaining damages instructions to the jury, we do not conclude the charge misled the jury in a manner materially affecting appellant's substantial rights.
Appellant's Ninth Assignment of Error is overruled.
 X
In his Tenth Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of appellees on the issues of mental anguish, stress, and migraine headaches. We disagree.
In cases where a plaintiff's injuries are outside the realm of common knowledge, expert medical testimony is required. Darnell v. Eastman
(1970), 23 Ohio St.2d 13, syllabus. Further, an expert testifying on the issue of proximate cause must state an opinion with respect to the causative event in terms of probability. Stinson v. England (1994),69 Ohio St.3d 451, paragraph one of the syllabus. Proof by a reasonable degree of medical probability means that the condition or event more likely than not caused the injury. Wells v. Miami Valley Hosp., Inc. (1993), 90 Ohio App.3d 840, 853-854.
Appellant in the case sub judice alleged that he suffered aggravation of his chronic headache and depression conditions. The trial court concluded that "[u]nder Ohio law, the issue of the causal connection between a plaintiff's medical condition and the act of the defendant which allegedly produced it is generally a scientific inquiry to be established by the opinion of expert medical testimony." Judgment Entry, January 22, 2001. Appellant does not contest the application of this principle to his claims. We thus find the causal connection between the May 10, 2000 incident and appellant's alleged aggravated injuries are not so apparent as to be matters of common knowledge; therefore, appellant was required to present expert medical testimony in support of his claims. Cf. Dean v. West (Sept. 14, 2000), Licking App. No. 00CA00014, unreported. Appellant, however, merely provided unsworn letters from two doctors, neither of which draw a nexus between the repossession event and appellant's asserted injuries[4]. Notwithstanding the hearsay issues ostensibly presented by the unsworn letters, appellant, as the non-moving party, clearly failed to produce evidence on an issue to which he bore the burden of production at trial. See Wing v. Anchor Media Ltd. of Texas
(1991), 59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. As such, the trial court did not err in granting summary judgment in favor of appellees on the issue of the alleged aggravated injuries.
Appellant's Tenth Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. William B. Hoffman, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] FMCC and Ferguson were captioned together listing one address on the original complaint. Appellant later filed an amended complaint which, inter alia, listed Ferguson as an individual defendant.
[2] Appellant filed several notices of appeal throughout the tenure of the litigation. We herein treat this matter as a consolidation of all said notices of appeal.
[3] Appellant's Brief does not contain a seventh assigned error.
[4] Appellant attempted to add two notarized letters after the court had already ruled on summary judgment. These letters were duly stricken from the record.