OPINION
On September 21, 2000, Agnes M. Dean and her husband, James Dean, filed a complaint in the Court of Claims of Ohio against the Ohio State Highway Patrol ("OSHP"). The lawsuit arose out of a automobile collision which occurred on September 13, 1998. At the time of the filing of this lawsuit, the Deans had a similar case pending in the Franklin County Court of Common Pleas. The common pleas court action had been filed two years after the collision, on September 13, 2000.
On September 29, 2000, OSHP filed a Civ.R. 12(B)(1) and (6) motion to dismiss the complaint on the grounds such complaint had not been commenced within the two-year statute of limitations contained in R.C.2743.16(A). The Deans filed a memorandum contra arguing that they had made a good faith effort to file against the defendant(s) prior to expiration of the two-year statute of limitations and that the Court of Claims should deem the filing of the complaint in the common pleas court (which was filed within the two-year statute of limitations) sufficient to satisfy R.C. 2743.16(A).
On November 22, 2000, the Court of Claims journalized an entry of dismissal. The Court of Claims held that under R.C. 2743.16(A), the Deans had two years from the date of the collision to commence their claims against the state in the Court of Claims. The Deans did not commence the complaint within two years of the collision, and the Court of Claims stated that the filing of the action in the common pleas court did not toll the two-year statute of limitations in R.C. 2743.16(A). Accordingly, the Court of Claims granted OSHP's motion to dismiss.
The Deans filed a notice of appeal with this court on December 19, 2000. On January 18, 2001, the Deans voluntarily dismissed their complaint in the common pleas court. The next day, the Deans filed a substantially similar complaint with the Court of Claims.
On May 9, 2001, the Deans filed a motion with the Court of Claims for relief from the November 22, 2000 judgment dismissing the complaint. This court stayed the proceedings in this appeal pending the Court of Claims' decision on the motion for relief from judgment. On September 13, 2001, the Court of Claims denied the Deans' motion for relief from judgment. The stay of proceedings in the present appeal has been lifted, and the Deans (hereinafter "appellants") assign the following error for our consideration:
 THE ISSUES OF WHETHER OR NOT THE TRIAL COURT'S DISMISSAL OF PLAINTIFFS/APPELLANTS' COMPLAINT, FILED ON SEPTEMBER 21, 2000, WAS IN ERROR, AND WHETHER APPELLANTS HAVE TIMELY FILED THEIR CAUSE OF ACTION IN [THE] COURT OF CLAIMS ARE MOOT, SINCE SUBSEQUENT TO THEIR NOTICE OF APPEAL, PLAINTIFFS/APPELLANTS HAVE TIMELY REFILED THEIR CAUSE OF ACTION, ORIGINALLY FILED WITH THE FRANKLIN COUNTY COMMON PLEAS COURT, WITH THE COURT OF CLAIMS, PURSUANT TO OHIO'S SAVINGS STATUTE, R.C. 2305.19.
Appellants assert that this court should deem the Court of Claims' November 22, 2000 dismissal of their complaint moot because appellants have since invoked the savings statute, R.C. 2305.19, by dismissing the September 13, 2000 common pleas court complaint and re-filing such complaint in the Court of Claims. As indicated above, appellants' actions in dismissing the common pleas court complaint and re-filing in the Court of Claims occurred after the Court of Claims had dismissed the September 21, 2000 complaint as being untimely.
OSHP (hereinafter "appellee") asserts that the evidence upon which appellants base their mootness argument, the January 18, 2001 voluntary dismissal of the common pleas court complaint and the January 19, 2001 re-filing of such complaint with the Court of Claims, cannot be considered because such documents are not part of the record in this case. Appellee has filed a motion to strike these documents, which are attached to appellants' brief. As to the merits, appellee contends the Court of Claims properly dismissed the September 21, 2000 complaint as untimely.
In general terms, the mootness doctrine states that a court's time and energy will not be expended on doing a vain thing. Travis v. Pub. Util. Comm. of Ohio (1931), 123 Ohio St. 355, 359. In other words, this court decides only actual controversies where the judgment can be carried into effect, and we do not declare principles or rules of law which cannot affect the matter at issue in the case before us. Id. at paragraph two of the syllabus. For the reasons that follow, we determine that the mootness doctrine has no application to the case at bar.
First, we note that in determining whether or not a case is moot, a court may look at evidence outside of the record. See State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228, citing Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472. Hence, we may consider the attachments to appellants' brief. Accordingly, appellee's motion to strike is denied.
However, even considering the fact that appellants have voluntarily dismissed the common pleas court complaint and have re-filed such complaint in the Court of Claims on January 19, 2001, the November 22, 2000 dismissal of the first Court of Claims complaint is not thereby rendered moot. Indeed, the actions on January 18 and 19, 2001 have no bearing on the prior dismissal of the complaint at issue herein.
Appellants contend that the November 22, 2000 dismissal is moot because since such dismissal, the common pleas court complaint has been voluntarily dismissed and re-filed in the Court of Claims and, thus, the savings statute applies. Perhaps R.C. 2305.19 does apply to the January 19, 2001 re-filed complaint in the Court of Claims. That is a matter that may be determined in such case. However, in the case at bar, the savings statute has no application.
R.C. 2305.19 states:
 In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * * [Emphasis added.]
In essence, before R.C. 2305.19 can apply, an action must have failed for a reason other than upon the merits. Such a failure of the common pleas court action never occurred prior to or while the present case was pending in the Court of Claims. Hence, the savings statute was never implicated or available for use by appellants in the case at bar. The fact that appellants have since voluntarily dismissed their common pleas court action and have re-filed a similar complaint in the Court of Claims has no bearing on the November 22, 2000 dismissal in the separate action from which appellants have now appealed.
In the case at bar, the Court of Claims had before it a complaint that had been commenced over two years after the cause of action accrued. Under R.C. 2743.16(A), the statute of limitations for claims against the state under the Court of Claims Act is two years after the cause of action accrued. At no time during the pendency of the case below had the common pleas court action failed otherwise than upon the merits. Therefore, the savings statute was never implicated and cannot now be utilized to somehow moot the November 22, 2000 dismissal of the present action. The Court of Claims properly dismissed the present action because it was not commenced within two years of the collision as required under R.C. 2743.16(A).
For the reasons stated above, the November 22, 2000 dismissal was proper and has not been rendered moot. Accordingly, appellants' assignment of error is overruled.
In summary, appellee's motion to strike is denied. Appellants' assignment of error is overruled. The judgment of the Court of Claims is affirmed.
Motion denied; judgment affirmed.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.