OPINION
{¶ 1} Appellants Donna DeSerio and Terry DeSerio have each filed separate appeals from the judgment entered in the Tuscarawas County Court of Common Pleas, Family Court Division, which terminated all parental rights, privileges and responsibilities of appellants with regard to their minor child and ordered that permanent custody of the minor child be granted to the Tuscarawas County Department of Jobs and Family Services [hereinafter TCJFS].
 {¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
"(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 4} Appellants Donna DeSerio and Terry DeSerio are the natural mother and father of Corrina DeSerio who was born on March 18, 1994 [hereinafter minor child]. Appellants are no longer married to each other.
 {¶ 5} On or about June 15, 2001, the TCJFS filed a Complaint in the Tuscarawas County Court of Common Pleas, Family Court Division, alleging that the minor child was dependent, neglected and/or abused. TCJFS sought temporary custody of the minor child.
 {¶ 6} The minor child initially came into the custody of TCJFS after an incident at Union Hospital where Appellant Donna DeSerio assaulted a police officer. Appellant Donna DeSerio was placed in a mental health treatment facility due to a number of significant mental health problems present at the time of this incident. Appellant Donna DeSerio has been diagnosed with Bipolar I Disorder, mixed, severe. (Mother's Exhibit C, August 25, 2003 Letter of Lisa Gilbert, M.D.).
 {¶ 7} The minor child's father, Appellant Terry DeSerio, did not have an adequate residence for her. He also suffers from significant mental health problems. Appellant Terry DeSerio has been diagnosed with schizo affective disorder. (T. at 83).
 {¶ 8} On August 13, 2001, an adjudicatory hearing was held and the minor child was found to be dependent and temporary custody was granted to TCJFS.
 {¶ 9} On September 5, 2001, a dispositional review hearing was conducted. The trial court adopted a reunification plan and ordered the continuation of temporary custody with TCJFS.
 {¶ 10} On November 27, 2002, the child was returned to the custody of her parents under an order of protective supervision.
 {¶ 11} During this time, Appellant Donna DeSerio was warned that continued contact with one Charles Lyons could jeopardize her ability to maintain custody of her daughter. Charles Lyons was Appellant Donna DeSerio's boyfriend. (T. at 38). Charles Lyons also had an open case through the agency through which Gabrielle Weingarth, the caseworker on both cases, received notification in the form of a Child Protective Service Investigation Report from Centre County Children and Youth Services in Pennsylvania. This report contains allegations that Mr. Lyons was the perpetrator in an incident involving sexual victimization of a five year child. (T. at 44-46).
 {¶ 12} An order was issued placing the minor child in TCJFS's temporary custody on January 21, 2003, following a disclosure made by the child that Charles Lyons had been around her and her mother had instructed her not to tell anyone.
 {¶ 13} Appellant Donna DeSerio was granted supervised visitation at that time but such visitation was suspended by order of the court on March 13, 2003, following an incident which occurred at the agency wherein Appellant Donna DeSerio yelled and made threats relative to her daughter and blamed same for the circumstances concerning her removal.
 {¶ 14} The visits were reinstated on July 1, 2003, with the condition that Ms. DeSerio's mental health caseworker attend all supervised visits.
 {¶ 15} On March 21, 2003, TCJFS filed a motion for permanent custody of the minor child.
 {¶ 16} On August 28, 2003, the Court conducted an evidentiary hearing. On August 29, 2003, the trial court issued a Judgment Entry and Findings of Fact and Conclusions of Law which granted permanent custody to TCJFS.
 {¶ 17} Thus, it is from this Judgment Entry that appellants now separately appeal, raising the following assignments of error:
 ASSIGNMENTS OF ERROR APPELLANT TERRY DESERIO {¶ 18} "I. Job and family services failed to prove by clear and convincing evidence that the award of permanent custody was in the child's best interest, and the Juvenile Court System therefore erred in awarding permanent custody of the child to the state.
 {¶ 19} "II. Job and Family Services failed to prove by clear and convincing evidence that reunification of the child with his mother was not possible and the Juvenile Court System therefore erred in awarding permanent custody of the child to the state.
 {¶ 20} "III. The trial court committed prejudicial error in its decision granting in a permanent custody motion without considering the wishes of the child.
 {¶ 21} "IV. The trial court erred by concluding that it was in the best interest of the minor child of the Appellant to be placed in the custody of the Tuscarawas County Job and Family Services.
 {¶ 22} "V. The trial court abused its discretion in sustaining the motion for permanent custody of the Tuscarawas County Job and Family Services in that the requirements of Ohio Revised Code 2151.414(d) were not met.
 {¶ 23} "VI. Revised Code Section 2151.414(d)(3) is unconstitutional denial of substantive due process, protection of the law and the same violates 5th and 14th amendment of the constitution of the United States and Article I of the Ohio Constitution in that time is the focus and not parental/custodian fitness; and the trial court committed plain error when it awarded permanent custody of the minor child to job and family services in light of such a violation."
 APPELLANT DONNA DESERIO {¶ 24} "I. The trial court's judgment awarding permanent custody of the minor child to Tuscarawas County Jobs and Family Services was against the manifest weight of the evidence as there was insufficient, relevant, competent or credible evidence to allow such decision to be made."
 {¶ 25} "II. The Tuscarawas County Jobs and Family Services failed to prove by clear and convincing evidence that reunification of corrina with her mother was not possible as the facts established at the permanent custody hearing did not create a firm belief or conviction that corrina should not be returned to the home of her mother."
 Appellant Terry DeSerio's I and IV Appellant Donna DeSerio's I {¶ 26} In each of these assignments of error, Appellants contend that the trial court's decision to grant permanent custody was against the manifest weight of the evidence. We disagree.
 {¶ 27} R.C. § 2151.353(A)(5) requires the court to make certain findings on the basis of clear and convincing evidence. Clear and convincing evidence is that evidence which "produce(s) in the mind of the trier of facts a firm belief or conviction as to the facts to be established."
 {¶ 28} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 29} Revised Code § 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
 {¶ 30} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 31} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 32} "(b) The child is abandoned.
 {¶ 33} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 34} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 35} The trial court found that the minor child could not be placed with either parent at this time or within a reasonable period of time. This finding, if supported by the evidence, is sufficient in and of itself to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1).
 {¶ 36} R.C. § 2151.414(E) sets forth factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Specifically, Section (E) provides, in pertinent part, as follows:
 {¶ 37} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 38} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 39} Upon review of the record, testimony was adduced at the permanent custody hearing that Appellant Terry DeSerio had failed to complete most of his case plan services. (T. at 190-192). He testified that his current living situation only consists of a sleeping room (T. at 186), that he has failed to take any medication for three years (T. at 188) and admitted that his living situation is not appropriate for his daughter. (T. at 199).
 {¶ 40} Appellant Donna DeSerio also testified at the evidentiary hearing. The trial court found her behavior, talking out and/or laughing, during said hearing to be inappropriate and disruptive. (August 29, 2003, Judgment Entry). While evidence was adduced that Appellant Donna DeSerio has substantially completed her case plan services, evidence was also presented that she has failed to alleviate the conditions which led to the placement of Corrina with the agency, that being her continued relationship with Charles Lyons, an alleged sex offender with whom the Agency had instructed her to have no contact. (T. at 39, 45, 46, 49). Several witnesses testified to seeing Appellant in the presence of Mr. Lyons in spite of her statements that she was no longer contact with him. Furthermore, Appellant's thought processes appear disjointed. Her testimony at the hearing was rambling, lacked focus and was hard to follow. (T. at 21-35) (August 29, 2003, Judgment Entry).
 {¶ 41} Evidence was also presented as to the lifelong histories of significant psychological problems of both Appellants.
 {¶ 42} Evidence was presented that Corrina is currently placed with licensed therapeutic foster parents and while she still has some behavioral problems, she is doing very well in this setting and is improving. (T. at 9, 11). Testimony from her counselor, Jennifer Herman, warns that her behavior was negatively affected by the reinstatement of visitation with her mother. (T. at 59)
 {¶ 43} Based on the foregoing, the trial court found that the parents demonstrated a lack of commitment toward Corrina and further failed to provide an adequate home for her and would not be able to do so within one year. (August 29, 2003, Judgment Entry at 3).
 {¶ 44} Based on the foregoing, we find that there was clear and convincing evidence supporting the trial court's finding that the child could not or should not be placed with appellants within a reasonable time.
 {¶ 45} We find that the trial court's finding that the child could not and should not be placed with either parent within a reasonable time was not against the manifest weight of the evidence.
 {¶ 46} Appellant Terry DeSerio's Assignments of Error I and IV and Appellant Donna DeSerio's Assignment of Error I are overruled.
 Appellant Terry DeSerio III and V {¶ 47} In each of these assignments, Appellant Terry DeSerio argues that the trial court failed to consider the wishes of the minor child when granting permanent custody to the agency and that the court erred in granting the motion for permanent custody without following the statutory procedures and making the findings required by R.C. § 2151.414. We disagree.
 {¶ 48} Upon review of the court's entry we find that the trial court made findings of fact both specific to the case, and in accordance with the statute. Further, the entry states the court considered the factors under R.C. § 2151.414. (Judgment Entry, August 29, 2003, at page 4).
 {¶ 49} Appellant Terry DeSerio's third and fifth assignments of error are overruled.
 Appellant Terry DeSerio's II Appellant Donna DeSerio's II {¶ 50} In each of these assignments of error, Appellants assert that TCJFS failed to prove by clear and convincing evidence that it was not possible to reunify the child into the home. We disagree.
 {¶ 51} As stated above, we find that the record supports the trial court's finding that an award of permanent custody was supported by the evidence. Regardless of Appellant Donna DeSerio's substantial compliance with her case plan, she was still not able to be a successful parent to Corrina.
 {¶ 52} Terry DeSerio likewise was not in a position to support reunification with his daughter.
 {¶ 53} Appellants' second assignments of error are overruled.
 Appellant Terry DeSerio's VI {¶ 54} In his sixth assignment of error, Appellant Terry DeSerio maintains that R.C. § 2151.414(D)(3) is unconstitutional. We disagree.
 {¶ 55} The trial court did not base its decision to grant permanent custody in the case sub judice under R.C. §2151.414(D)(3). The trial court based its decision on R.C. §2151.414(B)(2) and (E)(1).
 {¶ 56} An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky (1990), 66 Ohio App.3d 395, 397; see, also, Travis v. Pub. Util. Comm. of Ohio (1931),123 Ohio St. 355, paragraph two of the syllabus. We thus find the arguments raised under this assignment of error require no further analysis. App.R. 12(A)(1)(c).
 {¶ 57} Appellant's sixth assignment of error is overruled.
 {¶ 58} Accordingly, we find that the trial court's award of permanent custody to TCJFS was not against the manifest weight of the evidence. The judgment of the Tuscarawas County Court of Common Pleas, Family Court Division is affirmed.
Wise, P.J. and Edwards, J., concur.